MISSOURI STATE BANK et al., Respondents, v.
SOUTH ST. LOUIS FOUNDRY et al., Defend-
ants, SOUTH ST. LOUIS FOUNDRY, Appellant.

Kansas City Court of Appeals, June 13, 1910.

1. PRACTICE: Change of Venue: Unsettled Pleadings: Motion
for Judgment: Construction of Statutes. This action in re-
plevin was filed in the Bates circuit court, wherein defendant's
filed answer pleading affirmative defenses.  Before reply filed
a change of venue was taken to Cass county, where plaintiffs
filed reply.  Defendant moved for judgment on the pleadings, on
the ground that under the statute the pleadings must have been
settled before the allowance of such change of venue, and that
the change of venue therefore precluded the filing of a reply in
the new forum.  The motion was properly overruled.  The
failure of the defendant to object and except to the premature
granting of the change of venue constituted a waiver on its
part of the right to object to the subsequent settlement of the
pleadings.  Interpretations of statutes that suffer a party to lie
in ambush for his adversary and to impale him on the point
of hard and purposeless technicality are looked upon with
disfavor.

2. REPLEVIN: Priority of Claims Under Liens and Sales. Un-
der the evidence in this case plaintiffs were entitled to pos-
session of the property in controversy under liens and titles
superior to those of appellant.

3. ———: ———: ———. Where the beneficiary in a deed of
trust is in possession of personal property by virtue of a
trustee's deed, he is, after condition broken in the deed of
trust, entitled to retain possession thereof against one claim-
ing under a lien inferior to such deed of trust, even though
the trustee's sale be invalid.

4. BANKS AND BANKING: Power to Buy Mining Property: Se-
curing Indebtedness: Form and Substance of Transaction. It
was clearly established by the evidence in this case that the
plaintiff banks acquired the property in controversy to se-
cure the payment of demands against a debtor, and not by pur-
chase, as an investment, and therefore they were acting within
the scope of their corporate powers.

145 App—17

Appeal from Cass Circuit Court.—*Hon. Nick M. Bradley,* Judge.

AFFIRMED.

*J. F. Smith* for appellant.

The three banks, plaintiffs, had no authority under their charter powers, or the law, to operate coal mines, and no authority to purchase mines or mining machinery; their acts were *ultra vires* and void. Schofield v. Banking Co., 98 Fed. 271; Bank v. Hart, 37 Nebr. 197, 55 N. W. 631; Bank v. Kennedy, 167 U. S. 362; Bank v. Railroad, 119 Mo. App. 1.

*Thos. J. Smith* for respondents.

JOHNSON, J.—This is an action in replevin prosecuted by the plaintiffs, Missouri State Bank, Farmers Bank of Bates County, Missouri, Rich Hill Bank and Ray McCulloch, against Charles F. Beard, Joseph N. Kilpatrick and South St. Louis Foundry, as defendants, to recover the possession of certain mining machinery at the mine of the Bates County Coal Mining Company in Bates county. The suit was begun in Bates county but was taken to Cass county on a change of venue. After hearing the evidence, the court peremptorily instructed the jury to return a verdict for defendants Beard and Kilpatrick and further instructed them that "your verdict should be for the plaintiffs and against the defendant South St. Louis Foundry for the possession of the property in suit and for whatever damages, if any, you may find from the evidence the plaintiff has sustained in consequence of the taking of said property by defendant, including injuries thereto, if any."

In obedience to these instructions, the jury returned a verdict for plaintiffs against the South St.

Louis Foundry and for defendants Kilpatrick and Beard. The cause is before us on the appeal of the South St. Louis Foundry.

Point is made that a motion filed by defendant for judgment on the pleadings should not have been overruled. It appears that the appealing defendant filed an answer in the Bates Circuit Court which pleaded affirmative defenses. A change of venue to Cass county then was granted without a reply being filed and a reply was not filed until after the cause had been pending for some time in the Cass Circuit Court. Defendant contends on the motion that "The issues must be made up before the change of venue is granted and plaintiff's reply filed in the Cass Circuit Court was out of time," citing section 824, Revised Statutes 1899, which provides: "In all cases of application for a change of venue for causes other than objections to the judge, all pleadings shall be filed and the issues made up before the entry awarding the change shall be made, *Provided,* that after such change of venue, any pleading found insufficient upon demurrer or otherwise, may be amended as in other cases."

Clearly this statute required the reply to be filed before the change of venue should be granted, but, evidently, the failure to reply was a mere oversight and, since defendant did not object and except to the action of the court in granting the change of venue, it waived the right to complain that the order was prematurely made. [Carpenter v. McDavitt, 53 Mo. App. 393.] We do not think the Cass Circuit Court was without power to allow the reply to be filed. To so hold would be to place an unnecessarily harsh and rigid construction on the statute. In sitting by without objection while the court granted the change of venue, defendant should be held to have consented that the reply might be filed in the Cass Circuit Court. Interpretations of statutes that suffer a party to lie in ambush for his adversary and to impale him on the point of a hard and purpose-

less technicality are looked upon with disfavor. The motion for judgment on the pleadings was properly overruled.

Other points argued by counsel call for a statement of the facts disclosed in evidence. Defendant, a corporation doing business in St. Louis, sold and delivered certain machinery to the Bates County Coal Mining Company and the machinery was installed in a mine operated by the Mining Company in Bates county. Default was made in the payment of a part of the purchase price and defendant brought suit in the circuit court of Bates county against the mining company and others to recover personal judgment against the mining company and to enforce a mechanics' lien. A trial to a jury resulted in a personal judgment against the mining company for $275.90 but it was held that defendant had failed to establish its right to a lien. This judgment was rendered May 29, 1907. Execution was issued and levied on the machinery and defendant became the purchaser at the execution sale. Defendant was put in possession of the property by the sheriff and plaintiffs, claiming to be the owners of the property and entitled to its possession, brought this suit. The claim of ownership asserted by plaintiffs arose in the following manner:

The Bates County Coal Mining Company, being indebted in various sums to each of the plaintiffs, the Missouri State Bank in the sum of $1500; the Farmers Bank in the sum of $1500; the Rich Hill Bank in the sum of $800, and A. R. McCulloch in the sum of $425, executed and delivered to W. F. Tygard, Jr., as trustee, a deed of trust in the nature of a mortgage, conveying *inter alia* the property in controversy to secure the payment of the debts due plaintiffs and other creditors of the company. The deed was dated February 26, 1907, and was filed for record on the same day. Default occurring in the payment of the debts, the trustee sold the property at trustee's sale to the plaintiff banks

for $1100, and on June 20, 1907, executed and delivered to said banks his trustee's deed which recited the payment by the purchasers of the purchase price of which the Rich Hill Bank paid eight thirty-eights (8-38) and each of the other banks fifteen thirty-eighths (15-38). Before the sale under the trust deed, the property was sold May 6, 1907, by the sheriff under an execution issued on a judgment against the mining company in favor of a lumber company, and said W. F. Tygard, Jr., purchased the property at that sale as trustee for the plaintiffs and himself. The parties contributed to the payment of the purchase price in the proportion of their respective demands against the mining company. After the sale under the trust deed, plaintiffs took possession of the property; put agents in charge of it and were in possession at the time of the levy of defendant's execution.

No point is made against the validity of the trust deeds or of the debts secured by it, nor is the validity of the sale under the execution issued in the case of the lumber company attacked. Point is made that the terms of the trust deed did not authorize the trustee to sell the property at the time and in the manner he did, but we do not regard the point as very material. The evidence shows conclusively that plaintiffs were in the actual possession of the property through their agents under claim superior to that of defendant under its execution. In the first place, they acquired title under an execution prior to that of defendant and in the next place, the trust deed after condition broken would have given them a right to hold possession against the inferior claim of defendant though the trustee's sale were invalid.

It is argued by defendant that plaintiffs are not entitled to the property for the reason that, as incorporated banks, they had no authority to buy mining property or machinery as an investment and that they did so purchase the property at both the execution and

trustee's sales.   This contention rests rather on the form of the transactions than on their substance.   The fact is clearly established that the banks as creditors of the mining company obtained a trust deed on the property of their debtor to secure the payment of their demands.   To protect their interests and to realize on their security, they were compelled to and did buy the property at the two sales mentioned.   This was within the scope of their corporate powers.   They were not acting as investors but as creditors protecting their security.   The evidence amply justified the giving of a peremptory instruction that plaintiffs were not entitled to the possession of the property.

Other points presented have been examined and are ruled against the contentions of defendant.

The judgment is affirmed.   All concur.