SAM M. BREWSTER v. LACLEDE LAND AND IMPROVEMENT COMPANY, Appellant.

Division Two, December 31, 1912.

1. **TRIAL: Practice: No Reply.** The trial of a cause without any reply being filed and without any motion by the defendant for default for want of such reply, is the same, in effect, as if a general denial had been filed to the answer.

2. **LIMITATIONS: Real Actions: Suit to Quiet Title.** A suit to determine and quiet title to land under Sec. 2535, R. S. 1909, falls under the head of real actions, and limitations to such actions are prescribed in Art. 8, Ch. 21, R. S. 1909.

3. ——: ——: ——: **Possession: Interest in Lands.** Where, in an action to quiet title under Sec. 2535, R. S. 1909, the cause of action stated is that plaintiff owns the land and defendant claims an interest therein, and the evidence shows nothing as to possession, then, since the law presumes possession in harmony with the title, which is shown to be in plaintiff, the finding must be that the plaintiff and those under whom he claims have been in possession at all times since the title emanated from the government, and he cannot be barred by any Statute of Limitations. The mere claim of some interest in the land by defendant, however long continued, will not bar the plaintiff, simply because there is no statute creating such bar.

Appeal from Reynolds Circuit Court.—*Hon. Joseph J. Williams*, Judge.

AFFIRMED.

*J. B. Daniel* for appellant.

A suit to quiet title to lands under Sec. 2535, R. S. 1909, is barred at the expiration of ten years from the date the cause of action accrues. R. S. 1909, sec. 1879; Haarstick v. Gabriel, 200 Mo. 237; Summers v. Abernathy, 234 Mo. 167. That the plaintiff's alleged cause of action accrued more than ten years before the filing of the petition was admitted by the pleadings, being alleged in the answer and not denied. R. S. 1909, sec. 1830; Kansas City Co. v. McDonald, 118 Mo. App. 471; Bowles v. Bennington, 136 Mo. 522; Equitable, etc. v. Pettus, 140 U. S. 226.

*Arthur T. Brewster* for respondent.

(1) Respondent is entitled to recover because he was "possessed" of the premises in question within ten years before the commencement of this action. R. S. 1909, sec. 1879. (2) In the absence of actual possession, constructive possession follows the legal title. Weir v. Lumber Co., 186 Mo. 397; Stone v. Perkins, 217 Mo. 599; Bradley v. West, 60 Mo. 33. (3) The original Act of 1897 prescribed no period within

which actions under it are barred and none has since been prescribed. R. S. 1899, sec. 650; R. S. 1909, sec. 2535; Haarstick v. Gabriel, 200 Mo. 244. (4) Actions under Sec. 650, R. S. 1899, fall under the limitations of real actions prescribed in art. 1, ch. 48, R. S. 1899. Haarstick v. Gabriel, supra. (5) Upon respondent's failure to file a replication to new matter in appellant's answer, appellant should have moved the court *nisi* for judgment on the pleadings and he cannot now be heard to complain. Stevens v. Fitzpatrick, 218 Mo. 720; Atterbury v. Hendricks, 127 Mo. App. 51.

ROY, C.—This is a suit to quiet title to real estate. The petition is in the ordinary form under section 650, R. S. 1899, now section 2535, R. S. 1909, alleging that plaintiff owns said land; that defendant claims an interest therein the nature of which is unknown to plaintiff and praying the court to ascertain, determine and quiet the title thereto. The answer admits the corporate existence of the defendant and that it claims title to the lands aforesaid and denies that the plaintiff is the owner thereof in fee simple as pleaded in the petition or otherwise and denies all allegations in the petition not admitted, and further pleads that the cause of action pleaded by the plaintiff accrued more than ten years before the filing of the suit and pleads the ten-year Statute of Limitations as a bar to the right of the plaintiff to recover.

There was no reply filed, and the case was tried as though a reply had been filed.

The plaintiff put in evidence a clear chain of title down to himself. The defendant put in evidence certain sheriff's deeds for taxes dated in 1884 and mesne conveyances thereunder to the defendant. It is claimed by the plaintiff and admitted by the defendant that the sheriff's deeds are void *ab initio.*

There was no evidence offered as to the possession of the land.

The court rendered judgment in favor of the plaintiff, adjudging that he is the owner of the land in fee simple.

I. The trial of the cause without any reply being filed, and without any motion on the part of the defendant for a default against plaintiff for want of reply, was the same, in effect, as if a general denial had been filed to the answer. [Stevens v. Fitzpatrick, 218 Mo. l. c. 720; Atterbury v. Hendricks, 127 Mo. App. l. c. 51.]

II. In Haarstick v. Gabriel, 200 Mo. 244, it was said: "The Act of 1897, now section 650, R. S. 1899, does not prescribe any period within which suit must be brought, but as the suit is one to determine and quiet title to land it falls under the head of real actions, the limitations for which are prescribed in article 1, ch. 48, R. S. 1899, and not under article 2 of that chapter, which relates to personal actions."

In the light of the statutes and that decision, we are justified in saying that the statute with reference to quieting title to real estate has not added anything to our law as to limitations of actions.

When one brings a suit to quiet title to land if he is barred by any of the provisions of the article in reference to the limitations of real actions, then he must fail, otherwise he cannot be barred by any law of limitations. It will be noticed that the cause of action stated in the petition is that the plaintiff owns the land and that the defendant "claims an interest therein the nature of which is unknown to the plaintiff." The evidence showed nothing as to the possession. The law presumes possession in harmony with the title. Hence we find that the plaintiff and those under whom he claims have been in possession all the

time since the title emanated from the government. Then how can he be barred by any Statute of Limitations? The mere claim of some interest in the land by the defendant, however long continued, will not bar the plaintiff of his title, or of his right to quiet the title against the defendant by this proceeding; and that simply because there is no statute creating such a bar.

The judgment is affirmed. *Blair, C.,* concurs.

PER CURIAM.—The foregoing opinion of ROY, C., is adopted as the opinion of the court. All the judges concur.