EVERETT LUNA, Appellant, v. S. J. WILLIAMS,
Respondent.

**Springfield Court of Appeals, May 19, 1915.**

1. **CHANGE OF VENUE: Prematurely Taken: When Waived.**
   where plaintiff, without objection, allowed a circuit court to
   transmit the cause to another circuit court on motion by de-
   fendant for change of venue, who did not plead in the court
   where the action was brought within the time required by
   statute, such failure to plead and the premature taking of
   the change of venue were waived.

2. **APPEAL AND ERROR: Pleadings: Time Given for: Objection:
   Waiver.** Where defendant obtained leave of court, to which
   a case had been transferred on change of venue, to plead
   within a given time, plaintiff making no objection thereto, on
   appeal plaintiff could not maintain that defendant had no right
   to plead within such time.

3. ———: ———: **Objections: Waiver.** Action on a note. Plain-
   tiff objected that defendant's answer set up inconsistent de-
   fenses. Where he did not stand on such objections, he waived
   any error committed in overruling same.

4. ———: ———: ———: ———. Proceeding to trial as though
   a reply had been filed, waived failure to file same.

5. **BILLS AND NOTES: Instructions: Evidence.** Action on a prom-
   issory note. Instructions on the subject of consideration *held*
   proper under the evidence.

**FARRINGTON, J., Dissenting.**

Appeal from Christian County Circuit Court.—*Hon.
John T. Moore*, Judge.

AFFIRMED.

*George W. Boone* and *Barrett & Moore* for appel-
lant.

(1) Under our practice act the court should have
entered judgment against respondent on the pleadings
as prayed for in appellant's petition for the reason

Luna v. Williams.

that this cause coming on for trial in the circuit court of Ozark county and respondent failing to plead to this action at such time, as required by statute, such could not be done after said term of court had ended, and respondent was never granted time within which to plead. R. S. 1909, sec. 1799; Const. Co. v. McArthur Bros. Co., 236 Mo. 41; Stevens v. Fitzpatrick, 218 Mo. 708; Whitwell v. City of Aurora, 139 Mo. App. 597. (2) The respondent should have been required to elect on which count of his answer he would proceed to trial, as said counts were inconsistent, and the second count of said answer even failed to plead or set up a plea of confession and avoidance. Peoples' Bank v. Stewart, 136 Mo. App. 24; Wertheimer-Swartz Shoe Co. v. McDonald, 138 Mo. App. 328.

*Fred Stewart, G. Purd Hays* and *G. W. Thornberry* for respondent.

(1) There is substantial evidence to prove the allegations in the petition, and also to prove the allegations in the answer, hence it is a question of fact to be tried by a jury and they are the sole judges of the evidence, and the appellate court has no power to disturb same. Levels v. Railroad, 196 Mo. 606, and cases cited. (2) Appellant complains of respondent's answer, and avers that the two counts pleaded therein as defense are inconsistent. The authorities cited by them in support of this contention hold the contrary doctrine, hence we cite the same cases. People's Bank v. Stewart, 136 Mo. App. 24; Wertheimer-Swartz Shoe Co. v. McDonald, 138 Mo. App. 328, and cases therein cited. (3) And where pleadings are inconsistent the objections filed by appellant in this case would not avail them. See cases last above cited.

ROBERTSON, P. J.—This is an action on a promissory note given for a premium on a life insurance pol-

icy. The plaintiff is an agent of the insurance company. A jury trial resulted in a verdict for defendant and plaintiff has appealed. The cause originated in Ozark county and at the return term of the circuit court there the defendant obtained a change of venue to Christian county on account of the plaintiff having an undue influence over the inhabitants of Ozark county. Ozark is one of those counties in which the defendant is required to appear and plead on the first day of the term (R. S. 1909, Section 1799). This the defendant did not do, nor were the issues made up as required by section 1933, Revised Statutes 1909, before the change of venue was granted, but the case was transmitted to Christian county under section 1934 without any pleading having been filed on behalf of defendant. No objection was made by the defendant to this procedure until the case reached Christian county where the defendant, without objection on the part of the plaintiff, asked and obtained leave until the sixth judicial day of the August term, 1914, of that court in which to plead. Thereafter and on the same day the plaintiff filed a motion for judgment on the pleadings, because of defendant's failure to plead when the case was in Ozark county, which was overruled.

The defendant within the time allowed filed his answer under oath as follows:

"Now comes the defendant herein and for answer to plaintiff's petition herein, defendant says that he did not sign and deliver to the said Everett Luna the note in the petition described and filed with said petition, wherefore he asks to go hence without day.

"Defendant for other and further answer says that the plaintiff herein as an insurance agent or representing himself to be an insurance agent for the Franklin Life Insurance Company, Springfield, Illinois, solicited this defendant to take out a policy with said company. That this defendant agreed with the representatives of said company to take out and purchase from said com-

pany. a twenty year endowment policy and pay to said company for such policy one hundred ninety-nine dollars and forty-five cents yearly payments for the term of twenty years if the defendant lived so long and that said plaintiff agreed to sell defendant said policy and it was further agreed between plaintiff and defendant that on or before the first day of January, 1914, that if said policy was issued to this defendant as per agreement that said defendant would pay or execute his note for the first yearly payment for the above sum. That said company has failed to deliver to this defendant the policy agreed upon, although oftentimes requested so to do and that this defendant has received no consideration growing out of the agreement as above stated, wherefore defendant asks to be discharged with his costs.''.

The plaintiff filed a motion to strike the answer from the files because of the omission of the defendant to plead on the first day of the term of court in Ozark county; because before the change of venue the pleadings were not filed and the issues made up as by law required, and because the defendant joined in his answer inconsistent defenses. This motion was overruled and then the plaintiff filed a motion to require the defendant to elect upon which defense in his answer he would proceed to trial. This was overruled and the cause proceeded to trial without further objection on the part of the plaintiff. The plaintiff, however, in the face of the verified answer, offered in evidence the note and rested, the defendant assuming the burden of disproving the execution of the note.

The defendant, without objection, testified that he did not sign the note and also that at the time the application for the policy was made out, and signed by him, he did not have his glasses and, therefore, could not read it and that it was read to him by plaintiff as being an application for a twenty-year endowment policy, although as a matter of fact it contained the de-

scription of the policy as "O. L.," meaning an ordinary or full life policy. The defendant and some of his witnesses testified that at the time the agreement was made that defendant should have a twenty-year endowment policy; this the plaintiff's testimony sharply contradicted and tended to prove that the note was executed and delivered when the application was signed. Defendant further testified that when he received the policy he read it, had it read by others and also sought advise on the question of the kind of policy it was, finally deciding that it was not a twenty-year endowment policy and notified the insurance company's agent that by reason thereof he would not accept it. He at once returned it.

At the close of the testimony instructions were given upon the issues made by the pleadings and the unobjected to evidence at the trial. In the plaintiff's motion for a new trial complaint is made of only one instruction, (5), reading as follows: "The court instructs the jury that if you find and believe from the evidence in the case that there was no consideration given for said note you will find the issue for the defendant.

"You are further instructed that by no consideration is meant, that said company did not furnish the defendant the insurance policy contracted for."

The points urged here are that error was committed in sending the case to Christian county before the issues were made up; that defendant had no right to file his answer in Christian county; that the defenses contained in the answer are so inconsistent that they cannot stand together; that instruction 5 is erroneous because there was no testimony on which to base it, and that it submits an issue not raised by the pleadings.

The contention that reversible error was committed in not making up the issues in Ozark county before sending the case to Christian county must be ruled

against the plaintiff.   If the plaintiff had properly raised the question in Ozark county that he sought to raise in Christian county, as to the failure of the defendant to plead and the court to make up the issues, and had preserved his exceptions by proper bill of exceptions in that court then the question would be before us for consideration, but he stood idly by and allowed the Ozark Circuit Court, without objection on his part, to thus send the case to Christian county.   Section 1935 provided that when the case reached that court it should be "proceeded in and determined as if it had originated therein."   The plaintiff has waived his right to object to the premature awarding of the change of venue.   [Missouri State Bank v. South St. Louis Foundry, 145 Mo. App. 257, 129 S. W. 433.]

There is no merit in the contention that defendant had no right to file his answer in the case after it reached Christian county.   Without objection on the part of the plaintiff the defendant obtained leave of the Christian county court to plead within a given time and this is sufficient to estop plaintiff from now contending that defendant had no right to file his answer within that time.

If the two defenses alleged in the answer of the defendant are so inconsistent as that the plaintiff cannot, over an objection properly made, set them up together such defect is waived by the plaintiff, even if there was error committed in overruling these motions, in failing to stand on them.   [Kastor & Sons Advertising Co. v. Elders, 170 Mo. App. 490, 495, 156 S. W. 737, and cases there cited.   The record does not disclose a reply filed, but the trial proceeded as though this had been done and this amounts to the same thing.   [Brewster v. Laclede Land & Improvement Co., 247 Mo. 223, 226, 152 S. W. 302.]

The plaintiff by proceeding to trial after his motions were overruled, and all of the testimony was in-

troduced without objection, has foreclosed his right to now complain.

There is no valid objection urged here against instruction 5. There was an abundance of testimony upon which to base the hypothesis therein contained, as we have above noticed, and the pleadings make the question submitted by this instruction a clear-cut issue, as will be observed by reading the answer. The jury, under this instruction, found that the plaintiff did not deliver the kind of a policy for which the note was given, which was an issue under the second paragraph of the answer and supported by substantial testimony, introduced without objection. We cannot disturb the judgment on this or any other ground urged here, and, therefore, affirm it.

*Sturgis, J.,* concurs; *Farrington, J.,* dissents.

## DISSENTING OPINION.

FARRINGTON, J.—Plaintiff filed suit on a promissory note dated June 11, 1913. Defendant answered under oath denying the execution of the note, followed by a statement that plaintiff together with another life insurance agent agreed to sell and deliver to defendant a life insurance policy known as a twenty-year endowment policy for which he was to pay cash or execute a note for the first year's premium on or before January 1, 1914, and that instead there was delivered to him under such agreement an ordinary life insurance policy which he refused to accept and returned.

It cannot be said that the two parts of the answer are inconsistent and negative one another as the averments in the second branch of the answer are no less than a statement of explanation why he never executed the note sued on to which he was filing his plea of *non est factum.*

The record shows that the case was tried according to the pleadings and evidence of the defendant on

the theory that the note sued on was never signed or executed by him.  His evidence as to a failure to get the kind of policy that he says was agreed upon was merely incidental and was put in to corroborate his other statement that he did not sign the note and was not to sign one until after the kind of policy he contracted for had been delivered, and that they had never delivered that which would call for the execution of any note—merely corroborative of his plea of *non est factum* by showing no occasion to execute the note.

The testimony offered by plaintiff was directed to establish the fact that defendant did sign the note and that there was delivered to him the kind of policy called for by the contract.

The issue as to whether defendant made the note was sharply drawn and the evidence squarely in conflict on this question.

As to the character of defendant's evidence, we quote the following excerpt from the record:  "Q. Tell the jury if that is your signature (indicating the note)?  A.  That is not for the reason I never saw the paper until the 20th day of December.  Q.  Does that look like your signature?  A.  Yes, sir; very much. Q.  Can you distinguish that from your signature?  A. No, sir, that is as good a signature as I could make myself.  Q.  When you signed the application, did you see any yellow paper there?  A.  No, sir.  The signature on the note looks very much like my signature, as much so as if I had done it myself, and the signature on the note is written with ink.  I expected to pay for the policy in cash when it come back, and not sign the note."

Plaintiff produced three witnesses who swore positively that they saw the defendant sign the note in suit.

With the case in that condition, the court submitted it to the jury on the following instruction given at the request of the plaintiff (among other instruc-

tions): ''The court instructs the jury that if you find and believe from the evidence in the case that there was no consideration given for said note you will find the issues for the defendant. You are further instructed that by no consideration is meant that said company did not furnish the defendant the insurance policy contracted for.''

By reading this instruction it will be observed that although the issue in the case both under the pleadings and evidence adduced was whether the note was in fact executed, the jury were permitted to relieve the defendant from payment even should they find that he did execute it, the instruction assuming that it was executed and permitting a verdict for the defendant on the ground that there was no consideration given therefor, based on a misrepresentation, when such issue was only incidentally in the case to prove or disprove execution. To my mind this instruction broadened not only the issue made by the pleadings but that made by the evidence as well.

One cannot in his answer in one breath say that he did not execute a note and in the next say that he did but that he signed it on account of certain misrepresentations made to him. It is true, as before stated, the answer did not contain that contradiction; yet the court permitted the case to go to the jury upon the instruction quoted so that the case was made to include exactly those contradictory defenses when it was put to the jury that would not have been permissible in the answer. It is reversible error to submit a case on an issue not raised by the pleadings or evidence. [Degonia v. Railroad, 224 Mo. l. c. 589, 123 S. W. 807.] I think the judgment should be reversed and the cause remanded.