## THE STATE v. SCULLIN, Appellant.

Division Two, January 31, 1905.

1. **APPELLATE PRACTICE: Admission of Evidence:  No  Exceptions.**  Rulings of the trial court on the admission or rejection of evidence are matters of exception, and when no exceptions are saved, the rulings can not be reviewed on appeal.

2. **ACCOMPLICES: Common Purpose:  Information:  Instruction.** Where two or more persons are jointly engaged in the commission of a crime, with a common purpose or intent, they may be prosecuted jointly or severally, as the prosecutor may deem best, and, where only one is prosecuted, it may be shown that the others were present participating in the crime, although their names are not included in the information.  And an instruction to this effect is not erroneous as being broader than the information.

Appeal from St. Louis City Circuit Court.—Hon. *Daniel G. Taylor,* Judge.

AFFIRMED.

*E. J. O'Brien* for appellant.

The instructions directed the jury to go outside of the information; not alone in regard to the essential element of the want of consent of the owner to the alleged taking, but also in regard to a joint charge which is not in the information, i. e., the first instruction also directs them that if they find that "the defendant John Scullin, alias Kid Taylor, alias Whiting, either while acting alone or with others then and there present and acting with him, with a common intent and purpose did," etc. This instruction, being in this respect broader than the charge in the information, is erroneous. State v. Smith, 119 Mo. 439.

*Edward C. Crow,* Attorney-General, and *Sam B. Jeffries,* Assistant Attorney-General, for the State.

The evidence introduced on behalf of the State standing, as it does, practically admitted, with nothing on behalf of the defendant, is amply sufficient to authorize the verdict.

BURGESS, P. J.—Upon an information filed by the assistant circuit attorney of the city of St. Louis in the office of the clerk of the circuit court of said city charging the defendant with grand larceny, he was convicted and his punishment fixed at imprisonment in the penitentiary for the term of two years. He appeals.

The facts, briefly stated, are substantially as follows:

On the night of January 21, 1903, Harlow Spencer, after having assisted a lady in boarding a Chicago & Alton train for Chicago at the Union Station in the city of St. Louis, and accompanied her to a seat, when the train began to start, left the car and in passing down the steps the defendant and two other persons by the names of McGee and McGraw came from the station platform up the steps of the car as if to board it, pushing and shoving Spencer, and while this was going on, defendant placed his arm over Spencer's shoulder and took out the pin which was fastened in his tie and as soon as this was done his companions stepped to one side and permitted Spencer to pass from the car. Spencer did not notice that his pin was gone for some time afterwards. The Pullman porter, however, was an eyewitness to the offense. After the theft had been committed, the three parties passed on separately though the sleeping car into the chair car, where they were seated in different seats. Within twenty or twenty-five minutes after the train had left Union Station, the porter notified the conductor of the theft. The conductor then telegraphed to the general agent, Cain, at Chicago, the contents of the telegram not being disclosed in evidence. The train crew, however, watched the three parties during the night and when they were within about five miles of Chicago on the following morning, officers boarded the train and placed the defendant and his companions under arrest. The evidence shows that soon after the arrest Cain asked where the pin was, when defendant said that he had dropped it on a newspaper in the car. He then asked which car and all three responded, stating that it was left in the chair car. There is no evidence, however, showing that the pin was ever found.

The evidence showed the pin to have been worth about one hundred and ninety dollars.

The first error assigned by defendant is with respect to the action of the court in permitting, over the

objection of defendant, one Cain, a witness for the
State, to testify that McGraw, one of the three parties
before mentioned, ''made the first statement of what
had become of the pin. He said they stuck that pin in
a newspaper and dropped it in the car. And McGee
and McGraw said, the chair car, the third seat, right
near the side. Taylor (the defendant) said nothing.''
But no exception was taken and saved at the time to
the action of the court in this regard, nor was there
thereafter to its refusal to strike out this evidence on
motion of defendant. These rulings were matters of
exception and none were saved. They are not, there-
fore, subject to be reviewed upon this appeal.

The State's first instruction is challenged upon the
ground that it directed the jury that if they found that
the defendant, John Scullin, alias Kid Taylor, alias,
Whiting, either while acting alone or with others then
and there present, and acting with him, with a common
intent and purpose, did, etc., without the names of such
persons being mentioned in the indictment, thus en-
larging upon the charge in the information. The in-
formation is clearly good, and the fact that the in-
struction tells the jury that if the defendant, acting
alone or with others then and there present and acting
with him, etc., did not make it any broader than the
information.

It is approved practice in criminal prosecutions
where two or more persons are engaged in the commis-
sion of crime, to prosecute them jointly or severally, as
the public prosecutor may think best, and, where only
one is prosecuted, it may be shown that others were
present, participating in the criminal act, although not
included in the indictment or information, and it is
not thought that an instruction upon the same lines,
as in the case at bar, is subject to the objection that
it is broader than the information. In the case of
State v. Smith, 119 Mo. 439, relied upon by defendant
as sustaining his contention, the indictment was held

to be invalid, and the court very properly ruled that it could not be cured by an instruction covering its defects. It is clearly not authority for defendant's contention.

Finding no reversible error in the record, the judgment is affirmed.

All concur.