JOHN N. MITCHELL, Appellant, v. ROBERTSON & RISSLER, Respondents.

Kansas City Court of Appeals, March 5, 1906.

1. **APPELLATE PRACTICE: Abstract: Exception: Instructions.** Unless the abstract discloses exceptions to the instructions they are not open to consideration on appeal.

2. ———: **Misconduct of Counsel: Bill of Exceptions: Motion for New Trial.** A statement in a motion for new trial is not proper evidence that the statement is true, nor does the statement in a bill of exceptions that the motion contains such matter make such matter true.

Appeal from Cooper Circuit Court.—*Hon. Samuel Davis,* Acting Judge.

AFFIRMED.

Mitchell v. Robertson & Rissler.

*John Cosgrove* and *H. S. Booth* for appellant.

Submitted brief on merits.

*W. F. Johnson* for respondents.

(1) The bill of exceptions fails to show any "protest or objection" on the part of the plaintiff's attorneys to the use of the language of which they now complain, or that any such language was used. (2) The bill of exceptions does not show that the defendant's instruction numbered 2, was objected to by plaintiff, or that he saved any exceptions thereto. He is too late now to complain.

ELLISON, J.—The plaintiff instituted this action by filing a statement before a justice of the peace, wherein he claimed damages for breach of warranty, that two mules sold to him by defendants were "sound and of good wind." The breach alleged was that the mules were not of good wind. The plaintiff recovered judgment in the justice's court, but on appeal to the circuit court the defendants prevailed and plaintiff has brought the case here. The only matters complained of in plaintiff's brief relate to the instructions and remarks of defendants' counsel in the course of his argument to the jury. The abstract discloses that no exception was taken to the action taken by the court on the instructions, and they are therefore not open to consideration in this court.

The remarks of counsel, of which complaint is made here, are set out in the motion for new trial, but they do not appear in the bill of exceptions presented in the abstract. The statement in a motion for new trial of something as having occurred at the trial is not proper evidence that it did occur. The matter stated in the motion should also appear in the bill of exceptions. The bill of exceptions stating that a motion for new trial was filed (and setting it out) is not a statement

that what is therein alleged is true. [State v. Whalen, 128 Mo. 467; State v. Foster, 115 Mo. 448.]

The judgment is affirmed. All concur.