## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS

AT THE

### OCTOBER TERM, 1908.

*(Continued from Volume 133)*

WILLIAM HUGGINS et ux., Respondents, v. W. S. JASPER, Appellant.

Kansas City Court of Appeals, December 7, 1908.

1. **LANDLORD AND TENANT: Rent: Constructive Eviction: Evidence: Exception: Appellate Practice.** Where in a suit for rent the defendant offered to prove the untenable condition of the premises which he had left and such offer was refused and no exceptions saved, the rulings of the trial court are not reviewable upon appeal.

2. ———: ———: ———: **Contract: Evidence.** To maintain the defense of constructive eviction the tenant must prove not only the untenable condition of the premises, but that the landlord, with the knowledge of such facts, had violated an agreement to keep the premises in repair.

Appeal from Buchanan Circuit Court.—*Hon. W. D. Rusk,* Judge.

AFFIRMED.

134 App.—1 (1)

*G. L. Zwick* for appellant.

(1)   The consideration of the lessee's undertaking to pay rent is the quiet, peaceful and indisputable possession of the premises leased, and is in its nature a condition precedent to the payment of rent.   If the lessor by any wrongful act disturbs that possession which he should protect and defend he thereby forfeits his right and the lessee may abandon the possession of the premises leased and thereby exonerate himself from liability to pay rent.   Jackson v. Eddy, 12 Mo. 212; Dyett v. Pendleton, 8 Cow. 728; Subway Co. v. St. Louis, 169 Mo. 333.   (2)   A constructive eviction exists where the physical expulsion of the tenant is not effected but the acts of the landlord so interfere with the beneficial enjoyment of the premises as to necessitate an abandonment thereof.   Jackson v. Paterno, 108 N. Y. Sup. 1073.   A covenant for quiet enjoyment is implied.   Maeder v. Carondelet, 26 Mo. 112; Hamilton v. Wright, 128 Mo. 199.   (3)   Constructive eviction which releases tenant from liability for rent is anything which renders the premises untenantable.   Investment Co. v. Blumenfeld, 108 Mo. App. 308; 3 Words and Phrases, 2521; 1 Taylor, L. and T., Sec. 309a; Bradley v. De Giocouria, 14 Abb. N. C. 53; Harthill v. Cooke (Ky.), 43 S. W. 705; Tallman v. Murphy, 120 N. Y. 345; Sulley v. Schmitt, 147 N. Y. 248; Alger v. Kennedy, 49 Vt. 109, 110.

*Fulkerson, Graham & Smith* for respondents.

(1)   No exceptions were taken to the court's rulings on the admission of testimony, the exception to the overruling of motion for new trial does not preserve such objections.     Nichols v. Stevens, 123 Mo. 119; State v. Scullin, 185 Mo. 709; Holladay-Klotz L. & L. Co. v. Moss, 96 Mo. App. 57; Mitchell v. Robertson, 117 Mo. App. 348; Sec. 4110, Mo. Ann. Stat. 1906; Corby v. Book & Stationery Co., 76 Mo. App. 506; Buck

v. Lewis, 46 Mo. App. 230. (2) The landlord is not under obligation to repair during the tenancy unless he has contracted to do so, and if the premises become untenantable by reason of the breach of such condition (there is no such condition here) the tenant may move out and defend in an action for the rent as upon eviction; but not so otherwise. Graff v. Brewing Co., 109 S. W. 1044; Roberts v. Cottey, 100 Mo. App. 503. (3) In the absence of express covenant, the landlord is not bound to keep the demised premises in repair or fit for occupancy, but the obligation to so do rests upon the tenant; and the lessee is bound to pay rent according to the terms of the lease, notwithstanding the premises may become, during the term, entirely uninhabitable and useless to him. Burnes v. Fuchs, 28 Mo. App. 281; Roberts v. Cottey, 100 Mo. App. 502; Sedalia v. Planing Mill Co., 107 S. W. 1093; Peterson v. Smart, 70 Mo. 34; Spalding v. Mumford, 37 Mo. App. 283; Niedelet v. Wales, 16 Mo. 214; Vai v. Weld, 17 Mo. 232; Rogan v. Dockery, 23 Mo. App. 313; Deutsch v. Arbels, 15 Mo. App. 404; Little v. Macadaras, 29 Mo. App. 334; Davis Adm'rs v. Smith & Bradley, 15 Mo. 467; Ward v. Fagin, 101 Mo. 673; Hughes & Dill v. Vanstone, 24 Mo. App. 637. (4) In the absence of contractual obligations the landlord as to his tenant is only liable for acts of misfeasance and not for nonfeasance. Roberts v. Cottey, 100 Mo. App. 503; New Era Mfg. Co. v. O'Reilly, 197 Mo. 476; Burns v. Fuchs, 28 Mo. App. 278; Rogers v. Paint Co., 118 Mo. App. 304.

JOHNSON, J.—Action by landlords against their tenant to recover rent alleged to be due and unpaid. In obedience to a peremptory instruction, the jury returned a verdict for plaintiffs in the sum of seventy dollars, and the cause is here on the appeal of defendant.

In September, 1906, defendant began the occupancy as tenant from month to month of a residence owned by plaintiffs in St. Joseph, and agreed to pay a monthly rental of $35, on the first day of each month. He occupied the premises until May 15, 1907, when he vacated them. He paid the rent to May 1, 1907, and on the 2d day of that month orally notified one of the plaintiffs that he intended to move out on the 15th day of the month, giving as his reason (so plaintiff testified) that he desired a cheaper house because a lodger had given up his room. Plaintiffs told him that the statutory notice would be required. Defendant refused to give such notice and when he moved, tendered payment of rent to the date of the removal. Plaintiffs declined to accept the tender and brought suit for the rent of May and June. It is admitted by defendant that he was the tenant of plaintiffs from month to month; that he vacated the premises May 15, 1907, without giving written notice to his landlords, and that he refused to pay rent for the months of May and June. The defense pleaded and relied on is that the house was "unsanitary, unhealthful and untenantable, in this, that the plumbing was so defective as to allow the escape of gases and other nauseous vapors and that there were dead pipes in said house through which natural gas would leak; that plaintiffs well knew the condition above described but in total disregard of the rights of defendant . . . refused to put said house in a habitable condition . . . that by reason of the condition of said house defendant was compelled to abandon said property."

Defendant offered witnesses to prove that the house was "unhealthful, unsanitary and untenantable; that the condition of the house and the plumbing therein caused the ill health of himself, his wife, his child and others living in the house; that the sewer gas escaped from the pipes in the house; that it was plainly noticeable to them that natural gas would escape from the

gaspipes; that the premises were abandoned by him
on account of these conditions;" that the plumbing in-
spector of the city examined the plumbing and found
it unsanitary and that the lodger left because he was
made ill by the unhealthful condition of the house.
Plaintiffs objected to these offers, the objections were
sustained and the record shows no exceptions to the
rulings were preserved.   One of the complaints in the
motion for a new trial is that the court erred in ex-
cluding legal, competent and relevant testimony offered
by defendant, but the rule is well settled that rulings
of the trial court on the admission or rejection of evi-
dence are matters of exception and when no exceptions
are saved, the rulings cannot be reviewed on appeal
[State v. Scullin, 185 Mo. 709; Holladay-Klotz Lumber
Co. v. Moss Tie Co., 96 Mo. App. 57; Mitchell v. Robert-
son, 117 Mo. App. 348.]   The offers, therefore, must be
treated as though they were not in the record, and with
them out of the case, we find no evidence in the record
to support the defense of a constructive eviction of de-
fendant.

It devolved on defendant to prove, not only that the
plumbing was defective, but that its condition ren-
dered the premises untenantable and that the landlords,
with knowledge of these facts, violated an agreement
to keep the premises in repair.   [Delmar Investment
Co. v. Blumenfield, 118 Mo. App. 308; Roberts v. Cot-
tey, 100 Mo. App. 500; Graff v. Brewing Co., 130 Mo.
App. 618.]   The most that may be said of the evidence
of defendant is that it shows the plumbing became de-
fective during the course of the tenancy and that plain-
tiffs were informed of the existence of the defect.   It
does not appear that the premises were untenantable, or
that plaintiffs were under any duty to keep them in re-
pair.   In the case presented in the record, it is clear
that plaintiffs are entitled to recover rents for the
months of May and June, and that the court did not

err in peremptorily instructing the jury to return a verdict in their favor. [Corby v. Book & Stationery Co., 76 Mo. App. 506; R. S. 1899, sec. 4110.]

The judgment is affirmed. All concur.