LUCAS HUNT VILLAGE COMPANY, (Plaintiff) Respondent, v. EMILY KLEIN, GEORGE KLEIN and EWARD TOEDEBUSCH, (Defendants) Appellants.—No. 41136.—218 S. W. (2d) 595.

Court en Banc, March 14, 1949.

*B. W. La Tourette* and *G. M. Rebman* for appellants.

*Jones, Hocker, Gladney & Grand* and *Orville Richardson* for respondent.

1056

[596] ELLISON, J.—On application of the plaintiff-respondent corporation we transferred this cause to this court from the St. Louis Court of Appeals [opinion there reported in 212 SW. (2d) 480] under Art. V, Sec. 10, Const. Mo. 1945 and our Rule 2.06. It is an action in unlawful detainer for breach of a written lease by subletting, brought by respondent in a justice of the peace court in Normandy township, St. Louis county. The property involved is an apartment. The ultimate issues are: whether respondent's evidence made a prima facie showing of a subletting by the defendants-appellants in violation of the lease; whether it waived the beach, if any, by accepting certain rent after having given notice of forfeiture, but before re-

entry; whether the waiver, if any, was such as a matter of law, or was an issuable fact; and whether the case is now moot.

The justice of the peace rendered judgment against the appellants and they took the cause to the circuit court under Sec. 2869, R. S. 1939-Mo., R. S. A., or Laws Mo. 1945, p. 1094, Sec. 2879. A jury being waived, the circuit court likewise rendered judgment against them and assessed the respondent's damages for detention of the premises at $182.40, and the value of the monthly rents and profits at $48. But appellants were successful in the Court of Appeals. That court reversed the judgment outright on the ground that respondent as a matter of law had waived the breach of the lease by accepting one month's rent from the defendants after its right of re-entry had accrued but had not yet been made by physical re-entry or the bringing of this suit, although a *notice* of forfeiture had previously been served. Respondent then obtained the order transferring the cause to this court.

After the cause was lodged here counsel for appellants wrote our clerk submitting the cause on their brief in the Court of Appeals without oral argument. The reason stated was that they had completely relinquished possession of the premises involved and considered the issues moot, though they still contended the opinion of the Court of Appeals was and is correct. The respondent relies on its brief in the Court of Appeals, but has also filed here what we shall treat as a new or additional brief, in the form of printed Suggestions in support of its motion to transfer.

The only witness in the circuit court trial was respondent's manager, a Mr. Narrow. All the factual issues are based on his testimony and the documentary evidence. The appellants George Klein and wife had rented the apartment by a written lease under O. P. A. control. It was a family lease and forbid subletting by the tenant without the respondent's written consent. Another clause provided that upon a breach of the foregoing covenant against subletting the [597] lessor could re-enter on ten days' notice and resume possession without legal process.

In June, 1946, appellant George Klein orally requested permission to sublet because of his contemplated absence in Florida for an indefinite but protracted period, and respondent's manager refused. Klein then committed overt acts, such as offering his furniture for sale, which indicated he and his wife intended to leave the apartment. They did go to Florida that month. Later the manager learned the appellant Toedebusch was occupying the apartment, and on August 8, 1946, wrote Klein that it was a direct violation of the lease. Shortly thereafter Toedebusch told the manager that Klein had sent the letter to him, and asked permission to remain saying he had subleased from Klein. The manager refused to permit it and informed Toedebusch there was a long waiting list of prospective tenants.

Sometime in August Klein wrote the manager denying he had sublet the apartment; and saying Toedebusch was occupying it merely as a caretaker during his (Klein's) absence. On September 6 the manager wrote Klein declaring he was terminating the lease because of the subletting to Toedebusch, and would take possession in ten days. But Toedebusch remained in possession and refused to vacate unless the manager would find him other quarters. The rent for October was remitted through the mail either by the Kleins or Toedebusch and accepted by a bookkeeper in the manager's office, and was credited to the rent account for the apartment involved. Later appellant George Klein sent postoffice money orders for the November and December rent and electric bills to respondent's office. These were rejected and appellant Klein was so notified. It appears copies of the letters between the parties were currently sent to the O.P.A. Respondent brought the unlawful detainer suit on November 14, 1946, and prosecution thereof was authorized by the O. P. A. on November 27. This was all the evidence. Appellants offered none, and filed a motion to dismiss under the Civil Code, Laws Mo. 1943, p. 385, Sec. 100, Sec. 847.100 Mo. R. S. A.

We uphold respondent's first contention: that although the trial court did not expressly rule on appellants' motion to dismiss, yet it is to be assumed the motion was overruled, since the court resolved the issues and rendered judgment on the merits for respondents. State ex rel. State Social Security Com. v. Butler's Estate, 353 Mo. 14, 20(3), 181 SW. (2d) 768, 770(7-10).

We also agree with respondent that its evidence was sufficient to make a prima facie case showing the appellant Klein did sublet the apartment to appellant Toedebusch without its written consent. The latter so informed respondent's manager and occupied the apartment for several months. There was evidence that the Kleins proposed to sublet the furnished apartment, and had attempted to sell the furniture. And they did go to Florida without notice to the manager, for a protracted and indefinite stay. Respondent's manager, Mr. Narrow, testified further that George Klein requested permission from him to sublet the apartment, and stated he didn't know whether he would return or not, but that if his business didn't require as much attention as he expected, or if he didn't like it in Florida, he would like to be able to return to the apartment. 35 C. J., p. 990-1, §§ 82, 83, 85; 51 C. J. S., p. 553, § 37e.

But respondent's third and main point presents a more difficult question. Its briefs contend the Court of Appeals opinion erred in holding [212 SW. (2d) l. c. 483(6).] that it waived appellants' breach of the lease by accepting the October rent on the apartment *after* having previously given notice of forfeiture of the lease by the letter of its manager dated September 6, in that it did not follow up service of the forfeiture notice by making a re-entry and refusing the rent,

or tendering it back if the rent had already been accepted. No complaint is made by appellants as to the form of the notice of forfeiture, and none could be made for no technical form of notice was necessary other than that the intent to forfeit be made manifest. 51 C. J. S., p. 652, §89(5)a, p. 696, §114c; 35 C. J., p. 1049, §207, p. 1075, §248; Baxter v. Heimann, 145 Mo. App. 260, 264(1), 113 SW. 1152, 1153(1).

[598] After consideration we have reached the conclusion that the view thus expressed by the Court of Appeals was incorrect. It is true the rule is very general[1] that the voluntary acceptance of rent by a landlord with knowledge of a previous breach of a lease will waive that *breach* and the executory *right* to declare a forfeiture based thereon. The decisions cited in the Court of Appeals opinion on this point are to the same effect. But in the instant case a forfeiture *had been declared* on September 6, effective about September 16 or 17, and was pending enforcement by a contemplated unlawful detainer suit before the October rent was accepted. The authorities[2] are not in accord as to the rule in that situation, but the better view under the present facts is that the acceptance of rent due after the forfeiture had been declared did not waive the forfeiture as a matter of law. The rule as summed up ih tne Board of Trade case, cited above,[1] is that: ". . acceptance of rent by the landlord after the cause of forfeiture has arisen but before it has been declared, waives the forfeiture, but there is no such waiver by such acceptance after the forfeiture is made by re-entry."

The first part of the foregoing quotation plainly states that the acceptance of rent after a right of forfeiture exists, but *before* it has been *declared,* will waive the forfeiture. The converse of that would be that if the right of forfeiture existed and *had* been declared (which is the situation in the instant case), the acceptance of rent thereafter would *not* waive the forfeiture. But the second part of the quotation does not say that. It says the right of forfeiture will not be waived by the acceptance of rent after the forfeiture has been made *by re-entry,* and thereby leaves a hiatus as to what the result would be if the forfeiture has been declared, but not *by* re-entry. The decision cited and relied on by the Board of Trade case is Lebow v. Hudson (Mo. App.) 226 SW. 968, 969, which held the acceptance of rent while

---

[1] 51 C. J. S., p. 547, Sec. 34b; 35 C. J., p. 1080, Sec. 255; 32 Am. Jur., p. 750, Sec. 885, text to notes 19, 20, 1; Eurengy v. Equitable Realty Corp., 341 Mo. 341, 351(8), 107 S. W. (2d) 68, 73(17); Jenkins v. John Taylor Dry Goods Co., 352 Mo. 660, 670, 179 S. W. (2d) 54, 59(10); Bauer v. White, 225 Mo. App. 270, 275-6(3), 29 S. W. (2d) 176, 179(2, 3); Board of Trade Office Bldg. v. Shannon Grain Co., 223 Mo. App. 1199, 1203(3), 21 S. W. (2d) 913, 915(3).

[2] 51 C. J., p. 707, Sec. 117(c); 35 C. J., p. 1083, Sec. 258; 32 Am. Jur., p. 751, Sec. 885, text to note 4.

1060

an unlawful detainer suit was pending after termination of a month to month tenancy by notice to quit, would not amount to a waiver.

Furthermore it was stated in Baxter v. Heimann, supra, 134 Mo. App. l. c. 264, 113 SW. l. c. 153(1), that while the usual mode of enforcing a forfeiture is by a re-entry in the form of an unlawful detainer suit or action in ejectment, yet "according to the most recent decisions any act of the lessor which unequivocally manifests his intention to claim a forfeiture and demand for possession, will be *equivalent* to a re-entry." (Italics ours). The doctrine is similarly stated in 36 C. J., p. 603, §1769 and 52 C. J. S., p. 587, §726. And if this be true the respondent here did in legal effect make a re-entry, or at least its conduct was such as to preclude a holding as a matter of law that it waived the forfeiture of the lease.

In this connection it should be remembered that while in some jurisdictions upon a breach of a lease the landlord is permitted to make a physical re-entry without undue force, 52 C. J. S., p. 580, §716, p. 584, §720; 32 Am. Jur., p. 847, §1010, yet under the law of this state respondent could not forcibly eject the subtenant Toedebusch from peaceable possession of the apartment, notwithstanding its own actual legal right to possession; and if it had done so, it would have been amenable to Sec's 2831, 2832, our forcible entry and detainer statutes. Fink v. Schmidt (Mo. App.) 245 SW. 566, 567(3). In addition to that, respondent's right to prosecute the unlawful detainer suit was subject to administrative control by the O.P.A. under the Emergency Price Control Act, 60 U. S. [599] Stat. Chap. 671, p. 664, and O.P.A. consent thereto was not obtained until November 27 although the suit had been filed on November 14. In other words, the delay after the forfeiture notice became effective on or about September 16, during which intervening time the October rent was received, was not due to respondent's mere indulgence.

This case is not based on estoppel, but upon *waiver*, which means "the intentional relinquishment of a known right." 44 Words & Phrases (Perm. Ed.) "waiver", pp. 516, 544, 552. The *intention* of the respondent was the dominating factor, as held in Gary Realty Co. v. Kelly, 278 Mo. 450, 471(6), 214 SW. 92, 99(8), an unlawful detainer suit where—as here—a lessor accepted one month's rent and then refused to accept the next two months rent. The Court of Appeals opinion here distinguishes this Gary case on the ground that there the one month's rent was paid and accepted under a temporary, but void, monthly lease agreement made pendente lite, whereas the lease ultimately involved in that unlawful detainer suit was another and different five year lease.

That is true, but the Gary case nevertheless is authority for the proposition that the *intention* of the party charged with making the waiver is controlling. And if not shown by express declarations, but implied by conduct, there must be a clear, unequivocal and decisive

act of the party showing such purpose, and so manifestly consistent with and indicative of an intention to waive that no other reasonable explanation is possible. Sutorius v. Mayor, 350 Mo. 1235, 1251(9), 170 SW. (2d) 387(10); Wall Investment Co. v. Schmacher, 344 Mo. 225, 227(1), 125 SW. (2d) 838, 839(1, 2).

There is an Annotation on this question in 120 A. L. R. 557, 561, 562-8. The author expresses the view that the landlord's acceptance of rent accruing *prior* to the expiration date of a notice to quit does not constitute a waiver; but concludes that if the accepted rent accrued *subsequent* to the expiration date of the notice to quit a waiver follows as a matter of law under the great weight of authority. The only Missouri decision cited is Nagel v. League, 70 Mo. App. 487. That case is clearly distinguishable in our opinion. There, after notice of forfeiture on a ground specified in the lease that the premises had become untenantable (by cyclone) the landlord sued in unlawful detainer. After an adverse judgment, and an appeal which was still pending, the landlord brought a second suit *for* the accrued *rent* alone, claiming the defendant was *still* his tenant. Clearly the two actions were diametrically inconsistent, and the second was a waiver of the first.

The Annotation cites a second group of English and a few American cases which hold that the acceptance "without prejudice" of rent accruing subsequent to the expiration date of the notice to quit, as a matter of law do not constitute a waiver; and also a third group which holds the question of waiver is for the jury. Included in these is Lebow v. Hudson, supra, 226 SW. l. c. 969, which, as will be remembered, held the acceptance of rent after notice to quit and the institution of an unlawful detainer suit, did not constitute a waiver as a matter of law.

Under our unlawful detainer statutes, Sec's 2845, 2847, R. S. 1939, Mo., R. S. A., the landlord can sue in the same action for restitution of the premises, and for the damages, rents and profits due and owing through the period of their detention, from the time of demand for possession up to the date of the verdict. And under Sec. 2850 the judgment must *double* the sum assessed for the damages, and also for the monthly rents and profits up to the time of restitution. [However, under the Emergency Price Control Act this provision is now suspended. F. A. Sander R. E. & Inv. Co. v. Becker (Mo. App.) 202 SW. (2d) 549, 550(1)]. Under statutes as strict as ours, it hardly seems that a tenant could complain because the landlord accepted from him *single* rent instead of double rent for a part of the period; or that he could contend such acceptance as a matter of law waived the landlord's right [600] even to recover possession in the suit, unless the facts clearly show that intention.

The facts in this case are not clear. Someone, either the appellant Kleins or the appellant Toedebusch sent a check, money order or

some cashable paper through the mail to respondent's office, where it was cashed by a bookkeeper who handled 606 rent accounts, and was credited to the account of the apartment here involved. The manager apparently was ignorant of the immediate transaction at the time and it would appear the bookkeeper made a mistake or was ignorant that the lease for that apartment had been forfeited for breach of the lease by subletting. But the manager did not say so in so many words, and the bookkeeper did not testify. After that when money orders for the November and December rent were sent in by mail the respondent rejected them. In our opinion the question of waiver was for the jury, or for the court, a jury being waived.

There is no merit in appellants' last point, that the case is now moot because they have moved from the apartment. They are still liable for the damages and the value of the monthly rents and profits as found and adjudged by the circuit court. Accordingly the judgment of that court is affirmed. All concur.