

# SUPREME COURT OF MISSOURI
## en banc

CONNIE LANGE,             )

                                )

           Appellant,       )

                                )

v.                              )       No. SC100608

                                )

GMT AUTO SALES, INC.,        )

                                )

           Respondent.     )

*Opinion issued March 18, 2025*

### APPEAL FROM THE CIRCUIT COURT OF ST. LOUIS COUNTY
The Honorable Kristine Kerr, Judge

This case involves an arbitration clause within a retail installment contract executed between a purchaser, Connie Lange, and the seller, GMT Auto Sales. Lange appeals the circuit court's judgment confirming an arbitration award in her favor on her individual claim and overruling her motion to vacate and reconsider the circuit court's order compelling arbitration. Lange raises three points on appeal, alleging the circuit court erred in sustaining GMT's motion to compel arbitration because: (I) GMT did not have a post-assignment right to invoke arbitration; (II) GMT waived its right to arbitration; and (III) the arbitration provision was unenforceable. Finding GMT had the right to arbitration and did not waive such right and that Lange's argument regarding

enforceability is unpreserved, this Court affirms the circuit court's judgment confirming the arbitration award.

**Factual and Procedural Background**

Lange purchased a fifth-wheel camping trailer from GMT in August 2020. In addition to the sale price, GMT charged Lange a $199 administrative fee pursuant to section 301.558,[1] which provides, in relevant part, that a motor vehicle dealer "may charge an administrative fee in connection with the sale or lease of a new or used motor vehicle, vessel, or vessel trailer for the storage of documents or any other administrative or clerical services not prohibited by this section." Upon purchase, Lange and GMT entered into a sales contract and a retail installment contract, the latter of which contained an arbitration provision.

On June 28, 2021, Lange filed a class action petition alleging GMT violated the Missouri Merchandising Practices Act ("MMPA") by assessing an administrative fee against her and other similarly situated customers for sales of fifth-wheel camping trailers. Lange specifically argued fifth-wheel camping trailers do not constitute a "motor vehicle," "vessel," or "vessel trailer" as contemplated by section 301.558.2; therefore, administrative fees in the sales of such are not permitted. GMT filed a motion to dismiss the action for failure to state a claim under Rule 55.27(a)(6). GMT's motion failed to reference the arbitration provision and requested the circuit court dismiss all of Lange's claims with prejudice. The circuit court overruled GMT's motion to dismiss on

---

[1] All statutory citations are to RSMo 2016 unless otherwise noted.

September 14, 2021.  Six days later, on September 20, 2021, GMT moved to compel

arbitration, attaching the retail installment contract as an exhibit.  Then, on September 24,

2021, GMT timely filed its answer to Lange's petition, raising the arbitration provision as

an affirmative defense.[2]  Lange opposed GMT's motion to compel arbitration, arguing

GMT waived its right to arbitrate by filing the motion to dismiss.  The circuit court

sustained GMT's motion and, on October 21, 2021, entered an order compelling

arbitration.  Lange petitioned the court of appeals for a writ directing the circuit court to

set aside the motion to compel arbitration and overrule the motion.  The court of appeals,

and subsequently this Court, denied such relief.

On November 3, 2022, the arbitrator, entered judgment in Lange's favor, awarding

her $199 as well as $5,000 in attorney fees and costs associated with the arbitration

proceedings.  Following this award, Lange filed a motion asking the circuit court to

vacate the arbitration award and reconsider its order compelling arbitration.  The circuit

court overruled Lange's motion and confirmed the arbitration award.  Lange appealed,

arguing, *inter alia*, GMT waived its right to arbitrate because it filed a motion to dismiss

and "knowingly relinquish[ed] the right to arbitrate by acting inconsistently with that

right."  *Morgan v. Sundance, Inc.*, 596 U.S. 411, 419 (2022).  The court of appeals

---

[2] Rule 55.25(c) extends the time to file responsive pleadings from 30 days after the service of the summons and petition to 10 days after the court overrules the motion for failure to state a claim.  GMT filed its responsive pleading on September 24, 2021, 10 days after the circuit court overruled GMT's motion to dismiss.  GMT's responsive pleading, therefore, was timely filed.

agreed, reversing the circuit court's judgment confirming the arbitration award and remanding the case. Following the appellate court's opinion, this Court granted transfer.

**Standard of Review**

A circuit court's grant of a motion to compel arbitration is a question of law this Court reviews *de novo*. *Car Credit, Inc. v. Pitts*, 643 S.W.3d 366, 370 (Mo. banc 2022). Whether a valid, enforceable arbitration agreement exists is also a question of law this Court reviews *de novo*. *Id.*

**Analysis**

Lange raises the following three points on appeal: (I) GMT no longer had interest in the retail installment contract and divested its right to invoke arbitration; (II) GMT waived its right to arbitration by filing the motion to dismiss; and (III) the arbitration provision is unenforceable on its face. This Court first addresses Point II, finding what constitutes waiver of the right to arbitrate is a question of general interest and importance. The Court next addresses Points I and III in evaluating whether the parties had a valid and enforceable arbitration agreement.

*Point II: Waiver of a Party's Right to Arbitration*

A party waives its right to arbitration by knowingly acting inconsistently with the right to arbitrate. *Sundance*, 596 U.S. at 415.[3] The court of appeals has undertaken the task of determining when a party acts inconsistently with the right to arbitrate. *See, e.g.,* *GFS, II, LLC v. Carson*, 684 S.W.3d 170, 178 (Mo. App. 2023) (noting a party waives its

---

[3] It is undisputed GMT knew of its existing right to arbitrate.

4

right to arbitration by affirmatively litigating the dispute in a judicial forum); *Lopez v. GMT Auto Sales, Inc.*, 656 S.W.3d 315, 331-32 (Mo. App. 2022) (finding waiver when a party's conduct reflects substantial participation in the litigation – specifically, litigating a case for 17 months before moving to compel arbitration). This Court, however, has not determined the effect of a motion to dismiss for failure to state a claim on the right to arbitrate under *Sundance*.[4]

The Federal Arbitration Act ("FAA") governs the applicability and enforceability of arbitration agreements.[5] The FAA provides any application for arbitration "shall be made and heard in the manner provided by law for the making and hearing of motions,

---

[4] The dissenting opinion suggests a motion to dismiss for failure to state a claim is a resolution on the merits and, thus, amounts to waiver. This Court, however, has stated otherwise. "A motion to dismiss does not permit the circuit court – or this Court on appeal – to determine the merits of a claim." *Mo. State Conf. of NAACP v. State*, 601 S.W.3d 241, 246 (Mo. banc 2020). This is because a motion to dismiss for failure to state a claim "is solely a test of the adequacy of the petition." *Id.* (quoting *Mitchell v. Phillips*, 596 S.W.3d 120, 122 (Mo. banc 2020)). This Court further found a circuit court's judgment on the merits of the claim in reviewing a motion to dismiss would be erroneous. *Id.* at 247. This Court recently clarified even questions of law would be prematurely decided through a motion to dismiss "for which the only inquiry is whether the plaintiff has stated a **cognizable** claim." *Bell v. Shelter Gen. Insur. Co.*, 701 S.W.3d 614, 619 (Mo. banc 2024) (emphasis in original). Although GMT prayed for the claim to be dismissed with prejudice, at the time GMT filed the motion to dismiss for failure to state a claim, the greatest relief GMT could receive was a dismissal *without prejudice. See id.*; *see also Mahoney v. Doerhoff Surgical Servs., Inc.*, 807 S.W.2d 503, 506 (Mo. banc 1991) (implying a dismissal for failure to state a claim may only be with prejudice after the petition has been dismissed without prejudice and "the party elects not to plead further"). In contrast, a motion for judgment on the pleadings would be a resolution on the merits. *See City of St. Louis v. State*, 682 S.W.3d 387, 396 (Mo. banc 2024) (citing *Emerson Elec. Co. v. Marsh & McLennan Co.*, 362 S.W.3d 7, 12 (Mo. banc 2012)).

[5] The Missouri Uniform Arbitration Act ("MUAA") governs Missouri arbitration matters not preempted by the FAA. *Eaton v. CMH Homes, Inc.*, 461 S.W.3d 426, 431 (Mo. banc 2015); Section 435.350, *et seq*. The MUAA was fashioned after and is substantially similar to the FAA. *Eaton*, 461 S.W.3d at 431.

5

except as otherwise herein expressly provided." 9 U.S.C. § 6. This directive "is simply a command to apply the usual [] procedural rules, including any rules relating to a motion's timeliness." *Sundance*, 596 U.S. at 419. "[I]t is a bar on using custom-made rules, to tilt the playing field in favor of (or against) arbitration." *Id.* Relatedly, courts may not apply generally applicable state-law doctrines "in a fashion that disfavors arbitration." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 341 (2011) (holding California's rule, which found class waivers in arbitration provisions unconscionable, was preempted by the FAA). Therefore, this Court must determine whether GMT acted inconsistently with the right to arbitrate while applying the usual procedural rules. This Court finds it did not.

Because *Sundance* requires that an application for arbitration be considered in the usual manner required by law, this Court must consider whether GMT waived its right to arbitration under the normal analysis for waiver of contractual rights. *Sundance*, 596 U.S. at 419. A party may waive its rights under a contract through express waiver or implied waiver. *Lucas Hunt Village Co. v. Klein*, 218 S.W.2d 595, 599 (Mo. banc 1949). To find implied waiver, however, a party's "conduct must clearly and unequivocally show a purpose to relinquish the right." *O'Connell v. Sch. Dist. of Springfield R-12*, 830 S.W.2d 410, 417 (Mo. banc 1992). Such conduct must be "so manifestly consistent with and indicative of an intention to waive that no other reasonable explanation is possible." *Lucas Hunt Village*, 218 S.W.2d at 599. Next the Court must consider when a party's failure to move to compel arbitration "clearly and unequivocally shows a purpose to relinquish the right [to arbitrate]." *O'Connell*, 830 S.W.2d at 417.

6

Here, GMT moved to compel arbitration prior to filing its responsive pleading and raised the right to compel arbitration as an affirmative defense in its responsive pleading. Rule 55.08 requires parties to set forth all applicable affirmative defenses in a responsive pleading. Rule 55.08's list of affirmative defenses is not exhaustive and pertains to "any other matter constituting an avoidance or affirmative defense." An affirmative defense is one that states, "even if the allegations of the petition are taken as true, the plaintiff cannot prevail because there are additional facts that permit the defendant to avoid the legal responsibility alleged." *Dorris v. State*, 360 S.W.3d 260, 268 (Mo. banc 2012).

Missouri courts have found the right to arbitrate is an affirmative defense that should be raised in a responsive pleading. *See, e.g.*, *GFS, II*, 684 S.W.3d at 185 ("[A] defendant's failure to raise arbitration as an affirmative defense shows his intent to litigate rather than arbitrate." (alteration in original) (quoting *Johnson Assocs. Corp. v. HL Operating Corp.*, 680 F.3d 713, 718 (6th Cir. 2012)); *Gentry v. Orkin, LLC*, 490 S.W.3d 784, 789 (Mo. App. 2016) ("[Defendants] asserted several affirmative defenses in their answers, none of which alleged an obligation to arbitrate."); *Lopez*, 656 S.W.3d at 331, 333 (noting GMT timely alleged the agreement to arbitrate in its original affirmative defenses "but simply chose not to use it" by delaying the filing of a motion to compel arbitration, engaging in discovery disputes and extensive motion practice); *see also Messina v. N. Cent. Distributing, Inc.*, 821 F.3d 1047, 1050 (8th Cir. 2016).[6] This Court

---

[6] The dissenting opinion contends the right to arbitrate is not an affirmative defense because the right to arbitrate does not contest "the plaintiff cannot prevail because there are additional facts that permit the defendant to avoid the legal responsibility alleged." *Slip*

7

agrees. A contractual right to compel arbitration acts as a "bar to a plaintiff's claims, providing grounds for dismissal of the suit." *HL Operating Corp.*, 680 F.3d at 718; s*ee also Dorris*, 360 S.W.3d at 268.

A party does not waive an affirmative defense until after and unless the affirmative defense is omitted in the responsive pleadings, presuming it is not one that must be raised in an earlier motion under Rule 55.27(g).[7] Rule 55.08. Here, GMT moved to compel arbitration prior to filing its responsive pleadings and additionally raised the right to arbitrate in its responsive pleading pursuant to Rule 55.08. Because the right to arbitration is an affirmative defense and was properly raised prior to and in GMT's responsive pleadings, GMT cannot be said to have acted to "clearly and unequivocally show a purpose to relinquish" its right to arbitrate by filing the motion to dismiss prior to timely filing its responsive pleading. *O'Connell*, 830 S.W.2d at 417.

Point II is denied.[8]

---

*op.* at 5 (quoting *Giudicy v. Mercy Hosps. E. Cmtys.*, 645 S.W.3d 492, 500 (Mo. banc 2022)). As federal courts have found, however, "an enforceable contractual right to compel arbitration operates as a quasi-jurisdictional bar to a plaintiff's claims, providing grounds for dismissal of the suit." *Johnson Assocs. Corp. v. HL Operating Corp.*, 680 F.3d 713, 718 (6th Cir. 2012).

[7] Rule 55.27(g) specifically enumerates defenses that are waived if available but omitted from a motion or responsive pleading at the earliest opportunity. The rule does not include the right to arbitration.

[8] The dissenting opinion suggests it does not matter whether GMT could have received the relief sought, *see supra* note 3, only that GMT, albeit improperly, sought a decision on the merits. This alleged intent, the dissenting opinion asserts, is enough to demonstrate waiver of the right to arbitrate. As discussed above, however, *Sundance* prohibits applying the rules differently to arbitration, 596 U.S. at 419, and the Court is not convinced GMT's motion to dismiss for failure to state a claim is "so manifestly consistent with and indicative of an intention to waive [its right to arbitration] that no other reasonable explanation is

*Point I: Assignment of the Retail Installment Contract*

Lange argues GMT did not have the right to compel arbitration after assigning the retail installment contract. Specifically, Lange argues the arbitration provision contained in the installment contract requires arbitration only between "you," which refers to Lange, and "us," which refers to the seller-creditor, which would be Huntington National Bank, because GMT assigned its interest in the installment contract to the bank.

Lange, however, ignores the plain language of the arbitration provision: "Any claim or dispute … between you [Lange] and ***us [GMT] or our*** employees, agent, successors or ***assigns*** … shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action." (Emphasis added). It is apparent from the plain language of the contract that GMT intended to retain the right to arbitrate after

---

possible." *Lucas Hunt Village*, 218 S.W.2d at 599. Because a motion to dismiss for failure to state a claim would not provide for a dismissal *with* prejudice, it must be assumed GMT either mistakenly filed a motion to dismiss rather than a judgment on the pleadings, or GMT mistakenly requested dismissal with prejudice rather than dismissal without. There is, therefore, a reasonable explanation for the conduct. A review of GMT's motion to dismiss makes clear it was arguing Lange failed to state a claim, not that it was asking for a judgment on the pleadings. Even so, when there are multiple reasonable explanations for the conduct, waiver is not "clear and unequivocal." *Lucas Hunt Village*, 218 S.W.2d at 599. The dissenting opinion cites *Lucas Hunt Village* to support its position that filing a motion to dismiss for failure to state a claim constitutes waiver. In that unlawful detainer dispute, the Court refused to find a property owner waived a tenant's breach of the lease by accepting subsequent rent payments, instead finding that issue was for the fact-finder. *Id.* at 600. The tenant filed a motion to dismiss, but it was a motion to dismiss ***after*** the property owner finished presenting evidence. *Id.* at 597. *Lucas Hunt Village*, therefore, merely stands for the proposition that a finding of implied waiver requires "a clear, unequivocal and decisive act of the party showing such purpose, and so manifestly consistent with and indicative of an intention to waive that no other reasonable explanation is possible." *Id.* at 599. This case does ***not*** support the proposition that a motion to dismiss for failure to state a claim is an example of conduct "so manifestly consistent with and indicative of an intention to waive that no other reasonable explanation is possible."

9

assignment. The contract specifically defines "Us" as the seller-creditor, GMT, *or* its

assigns, which the contract defines to include the bank. Additionally, the assignment in

the retail installment contract was included on the same page as the arbitration provision.

Because the plain language of the contract contemplates GMT's right to arbitrate after

assignment, Point I is denied.

*Point III: Unconscionability*

The arbitration provision contained the following language: "If a waiver of class

action rights is deemed or found to be unenforceable for any reason in a case in which

class action allegations have been made, the remainder of this Arbitration Provision shall

be unenforceable." Lange argues the class action waiver in the arbitration agreement is

unenforceable under Missouri law; therefore, the arbitration provision as a whole is

unenforceable. Lange, however, did not raise this argument before the circuit court.

It is inappropriate for a reviewing court to assign error to a lower court for issues

never raised before it. *Brown v. Brown*, 423 S.W.3d 784, 788 (Mo. banc 2014) ("An

issue that was never presented to or decided by the trial court is not preserved for

appellate review."). Lange acknowledges she failed to make the unconscionability

argument before the circuit court but requests this Court find her arguments in opposition

to the arbitration sufficiently broad to preserve the unconscionability argument. In

reviewing Lange's suggestions in opposition to GMT's motion to compel arbitration,[9]

---

[9] In her suggestions in opposition to the motion to compel arbitration, Lange made the same arguments raised before this Court in Points I and II (assignment and waiver) as well an argument that her claims do not fall under the arbitration provision.

10

however, it is implausible the circuit court could have gleaned the unconscionability argument from the arguments raised. Further, the circuit court's judgment makes clear that it did not decide this issue.

This Court may review unpreserved claims of error for "[p]lain errors affecting substantial rights" if the Court finds a "manifest injustice or miscarriage of justice has resulted therefrom." Rule 84.13(c). Plain errors are "evident, obvious and clear." *Mayes v. St. Luke's Hosp. of Kan. City*, 430 S.W.3d 260, 269 (Mo. banc 2014) (internal quotation omitted). Plain error review, however, "rarely is granted in civil cases" and only when there are substantial grounds for believing the circuit court committed plain error. *Id.* Lange does not request this Court review her unpreserved claim for plain error, nor has she alleged facts persuading this Court that substantial grounds exist to believe the circuit court committed plain error. Because Lange failed to raise this argument before the circuit court and fails to persuade the Court to review her claim for plain error, the Court will not review this point. Point III is denied.

## Conclusion

The circuit court's judgment confirming the arbitration award is affirmed.

_____
KELLY C. BRONIEC, JUDGE

Russell, C.J., Fischer and Gooch, JJ.,
concur; Ransom, J., dissents in separate
opinion filed; Powell and Wilson, JJ.,
concur in opinion of Ransom, J.

11



# SUPREME COURT OF MISSOURI
## en banc

CONNIE LANGE,                          )
                                       )
    Appellant,         )
                                       )
v.                                     )    No. SC100608
                                       )
GMT AUTO SALES, INC.,                  )
                                       )
    Respondent.        )

**DISSENTING OPINION**

I respectfully dissent. I believe GMT Auto Sales, Inc., waived its right to arbitrate this dispute by filing a motion to dismiss asking the circuit court to enter judgment on the merits. By seeking, in court, a final judgment on the merits, GMT acted inconsistently with its right to arbitrate under *Morgan v. Sundance, Inc.*, 596 U.S. 411 (2022). Moreover, I disagree with the principal opinion's holding that the right to arbitrate is an affirmative defense a party cannot waive until after and unless it is omitted in responsive pleadings. Accordingly, I would reverse the circuit court's judgment and remand the case.

As the principal opinion notes, a party waives its right to arbitration by knowingly acting inconsistently with the right to arbitrate. *Sundance*, 596 U.S. at 415. "Inconsistency is found from conduct which prevents arbitration, or makes that recourse impossible, or

which proceeds at all times in disregard of the arbitration clause." *Village of Cairo v. Bodine Contracting Co.*, 685 S.W.2d 253, 261 (Mo. App. 1985) (quotation omitted). "Additionally, a party who proceeds in a judicial forum for the resolution of an otherwise-arbitrable dispute acts inconsistently with the right to arbitrate." *Boulds v. Dick Dean Econ. Cars, Inc.*, 300 S.W.3d 614, 620 (Mo. App. 2010). "A party's conduct amounts to waiver when the party submits arbitrable issues to a court for decision." *Id.* (quotation omitted).

GMT did not restrict its motion to dismiss to procedural or jurisdictional grounds. Had it done so, there might have been a stronger argument that an intent to waive arbitration was not present. In its motion to dismiss Connie Lange's claims with prejudice, GMT asked the circuit court to substantively rule in its favor on the merits, arguing in part that section 301.558, RSMo 2016, allowed it to assess a fee against Lange and that Lange's claims failed to meet the requirements of the Missouri Merchandising Practices Act. Despite these claims being plainly arbitrable per the arbitration agreement,[1] GMT chose to pursue their resolution in court through its motion. Had the circuit court sustained the motion, Lange's claims would have been dismissed and the need for arbitration entirely obviated. In my opinion, GMT's decision to file the motion to dismiss seeking a decision

[1] The arbitration provision provides:

> Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who did not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action.

2

on the merits is "manifestly consistent with and indicative of an intention to waive" the right to arbitrate. *Lucas Hunt Village Co. v. Klein*, 218 S.W.2d 595, 599 (Mo. banc 1949).

Footnote 4 of the principal opinion correctly summarizes the analysis in *Bell v. Shelter General Insurance Company*, 701 S.W.3d 614 (Mo. banc 2024). But the issue in this case is not whether GMT's motion was proper. Instead, it is whether – by filing the motion to dismiss – GMT knowingly acted inconsistently with its right to arbitrate. Plainly it did. It asked the circuit court to resolve the case on the merits and, in so doing, it chose the forum in which it wanted those merits decided. It does not matter whether GMT was entitled to the judgment it sought, or even whether GMT chose the proper procedural tool for seeking a decision on the merits. What matters is that GMT knowingly made the decision to seek victory in circuit court, and these actions were inconsistent with its right to arbitrate. Having made this choice, GMT should not be permitted to reverse course when it did not get the result for which it hoped.

The principal opinion holds GMT's right to arbitration was not waived because the existence of an arbitration clause is an affirmative defense that cannot be waived until after and unless it is omitted in a responsive pleading. *Slip op.* at 6-8. I respectfully disagree.

The principal opinion relies on *GFS, II, LLC v. Carson*, 684 S.W.3d 170, 185 (Mo. App. 2023), and various other cases for the proposition that the right to arbitrate is an affirmative defense that must be raised in a responsive pleading. In none of those cases, however, did the party seeking to compel arbitration first file a motion to dismiss seeking a resolution on the merits as GMT did here. Rather, the first substantive filing made after the petition in those cases was the answer. *See GFS*, 684 S.W.3d at 175 (Gateway filed a

petition against Carson; Carson answered the petition and asserted counterclaims; Gateway answered Carson's counterclaims and pleaded an affirmative defense but failed to assert its right to arbitrate, waiving its right.); *Johnson Assocs. Corp. v. HL Operating Corp.*, 680 F.3d 713, 715-16 (6th Cir. 2012) (plaintiffs filed suit against Hartmann; Hartmann filed an answer and counterclaim with no reference to arbitration, waiving the right to arbitrate.); *Gentry v. Orkin, LLC*, 490 S.W.3d 784, 787 (Mo. App. 2016) (Gentry filed suit against Orkin; Orkin filed an answer asserting several affirmative defenses but made no reference to arbitration, waiving the right.); *Lopez v. GMT Auto Sales, Inc.*, 656 S.W.3d 315, 319-20 (Mo. App. 2022) (Lopez filed a petition against GMT; GMT answered the petition and asserted affirmative defenses, including the agreement to arbitrate; but GMT failed to file a motion to compel arbitration until after participating in extensive discovery, waiving the right.); *Messina v. N. Cent. Distrib., Inc.*, 821 F.3d 1047 (8th Cir. 2016) (Messina filed suit against employer; employer removed the case to federal court and filed an answer asserting affirmative defenses but made no mention of arbitration, waiving the right.).

As such, those cases have no bearing on cases like this one in which a party seeks final judgment through a motion to dismiss prior to filing an answer. Indeed, none of them considered the issue of whether a party can waive its right to arbitrate by conduct that occurs prior to the filing of answer. Given the facts at issue, I respectfully posit that those cases can stand only for the limited proposition that, when waiver has not yet occurred, a party seeking to arbitrate must enforce that right in the answer or waive it.

Moreover, a motion to compel arbitration does not meet the basic definition of "affirmative defense." "An 'affirmative defense' is a procedural tool 'that allows the

4

defendant to defeat or avoid the plaintiff's cause of action and avers that even if the allegations of the petition are taken as true, the plaintiff cannot prevail because there are additional facts that permit the defendant to avoid the legal responsibility alleged.'" *Giudicy v. Mercy Hosps. E. Cmtys.*, 645 S.W.3d 492, 500 (Mo. banc 2022) (quoting *Dieser v. St. Anthony's Med. Ctr.*, 498 S.W.3d 419, 428 (Mo. banc 2016)). In other words, an affirmative defense does not dispute the facts of the plaintiff's case but, instead, provides a reason that the defendant is not liable regardless of those facts. A motion to compel arbitration does not meet this definition; it does not contest liability whatsoever and merely asserts the defendant's liability or lack thereof must be decided elsewhere, *i.e.*, in arbitration.

This concept is illustrated in Rule 55.08's nonexhaustive list of affirmative defenses. For example, the Rule lists "arbitration *and* award." This plainly delineates a ***true*** affirmative defense under the above definition: an arbitration already occurred and resulted in an award. Because I do not believe the right to arbitrate is an affirmative defense under that definition, I am of the opinion that it can be waived by conduct indicative of waiver that occurs prior to the filing of an answer (for example, the filing of a motion to dismiss on the merits).

In essence, GMT attempted to finally resolve, in the circuit court, Lange's case based on the merits. Only after that attempt failed did GMT seek to enforce the arbitration provision, essentially seeking to obtain another merit-based determination through arbitration. GMT should not be permitted a second bite at the apple. Given the foregoing, I would hold GMT waived its right to arbitration by filing the motion to dismiss, indicating

5

its intention to resolve the dispute in court rather than arbitration. The fact that it did so prior to filing its answer should not be dispositive in this analysis.

_____
Robin Ransom, Judge