

# In the Missouri Court of Appeals
## Western District

GARY GENTRY, )
)
Respondent, ) WD79121
v. )
)
ORKIN, LLC, et al., ) FILED: May 31, 2016
)
Appellants. )

## APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY
### THE HONORABLE JENNIFER M. PHILLIPS, JUDGE

### BEFORE DIVISION ONE: LISA WHITE HARDWICK, PRESIDING JUDGE,
### CYNTHIA L. MARTIN AND GARY D. WITT, JUDGES

Orkin, LLC, and one of its branch managers, Danny Biron, appeal the circuit court's order denying their motion to compel arbitration of former Orkin employee Gary Gentry's retaliation claim against them. Orkin and Biron contend the court should have compelled arbitration because there is an enforceable arbitration agreement between the parties, the agreement applies to Gentry's claim, and they have not waived their right to compel arbitration. For reasons explained herein, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

Gentry began working for Orkin as a pest technician on May 9, 2007. The day before Gentry started the job, Orkin required him to sign several documents that set forth the terms and conditions of his at-will employment. One of these documents was an arbitration agreement, in which he agreed to arbitrate any dispute, claim, or controversy regarding or arising out of his employment.

Gentry worked for Orkin until Orkin terminated him on June 1, 2012. When Gentry was terminated, Biron gave him a letter of recommendation that stated, in pertinent part, "[Gentry] is a model employee. Within his first couple of months with the company he was selling above and beyond what our existing team was achieving. His spirited personality and positive attitude are great attributes that I would love to have on my team." In July 2012, Gentry filed a charge of discrimination ("2012 charge") with the Missouri Commission on Human Rights ("Commission") against Orkin alleging that his termination was an act of discrimination based on his age and disability and was prohibited by the Missouri Human Rights Act ("MHRA"). The Commission issued a notice of right to sue in March 2013, but Gentry never filed a lawsuit based upon it.

In July 2013, Gentry sent Biron his resume and asked to be reemployed on either a part-time, fill-in, or full-time basis. Gentry sought reemployment at Orkin based, in part, on the strong letter of recommendation that Biron had provided him when he was terminated. Biron responded in an email: "Thank you for your interest in employment. I currently do not have any open positions at this time, but will keep your resume on file."

2

Orkin did not rehire Gentry. In January 2014, Gentry filed a second charge of discrimination against Orkin and Biron in which he alleged that Orkin and Biron had open positions for pest technicians, and their refusal to hire him for one of those positions was an act of retaliation prohibited by the MHRA. The Commission issued a notice of right to sue. In July 2014, Gentry filed a petition for damages against Orkin and Biron in which he alleged that Orkin and Biron's refusal to hire him in 2013 was due to their unlawfully retaliating against him based on his filing the 2012 charge.

Orkin and Biron filed answers in August 2014. Neither Orkin nor Biron alleged in their respective answers that Gentry's petition should be compelled to arbitration. During a case management conference in November 2014, the case was set for trial on September 15, 2015.

Two weeks before trial, Orkin and Biron filed a motion in limine to exclude from trial "any and all evidence, testimony, and/or argument relating to [Gentry]'s time-barred 2012 allegations of age and disability discrimination." In his response, Gentry argued that, even though the 2012 charge was time barred and, therefore, not compensable, evidence relating to the charge was relevant and admissible because it was background evidence in support of his retaliation claim. The court denied Orkin and Biron's motion in limine to exclude all evidence of the 2012 charge.

Orkin and Biron filed a motion for a continuance six days before trial. In the motion, they asserted that, because the court denied their motion in limine to

3

exclude evidence of the 2012 charge, they anticipated filing a motion to compel arbitration. The court granted a continuance. Orkin and Biron filed their motion to compel arbitration on September 18, 2015. In response, Gentry argued that the court should deny the motion to compel arbitration because the arbitration agreement was not a valid contract under Missouri law; his retaliation claim did not fall within the scope of the arbitration agreement; and Orkin and Biron waived any rights they had under the arbitration agreement by litigating the case for over a year before moving to compel arbitration on the eve of trial. The court denied Orkin and Biron's motion to compel arbitration without specifying the basis for its decision. Orkin and Biron appeal.

## DEFICIENCIES IN ORKIN AND BIRON'S BRIEF

At the outset, we note that Orkin and Biron's brief contains several Rule 84.04 violations. The argument portion of their brief does not comply with Rule 84.04(e), which requires appellants to restate each point relied on at the beginning of the argument discussing that point. Orkin and Biron list seven points relied on, but they do not restate them in their thirty-three pages of argument.

Additionally, Orkin and Biron's Point I does not comply with Rule 84.04(d)(1)(A), which requires each point relied on to identify the court ruling or action being challenged, and it does not comply with Rule 84.04(d)(4), which states that "[a]bstract statements of law, standing alone, do not comply with this rule." In Point I, Orkin and Biron do not identify the court ruling or action being challenged and instead assert:

4

The Circuit Court erred if it disregarded the strong presumption in favor of arbitration because here, there is an enforceable Agreement to Arbitrate between the parties, all claims, disputes and/or controversies that fall within the scope of that Agreement and its incorporated DRP. Furthermore, Appellants did not waive their right to arbitrate the claims, disputes and/or controversies at issue.

In what appears to be their argument discussing this point, Orkin and Biron simply cite cases that express a federal and state policy favoring the arbitration of disputes covered by arbitration agreements. They do not attribute any error to the circuit court for allegedly disregarding the preference for enforcing arbitration agreements. Because Point I is nothing more than an abstract statement of law and its corresponding argument states the law without applying it to the facts of this case, Point I preserves nothing for our review. *Doe v. Ratigan*, 481 S.W.3d 36, 43-44 (Mo. App. 2015). Therefore, Point I is denied.

Orkin and Biron's remaining Points II through VII also fail to identify the ruling being challenged, which is the circuit court's denial of their motion to compel arbitration. "Violations of Rule 84.04 are grounds for dismissal of an appeal." *J.L. v. Lancaster*, 453 S.W.3d 348, 350 (Mo. App. 2015). Unlike Point I, however, Points II through VII contain more than abstract statements of law. Points II through VII and their corresponding arguments state legal reasons for compelling arbitration and why, in the context of this case, those legal reasons support Orkin and Biron's claim that arbitration should be compelled. Because we are able to discern Orkin and Biron's allegations of error in Points II through VII and locate their corresponding arguments, we will exercise our discretion to review those points on

5

their merits.  *Cubit v. Accent Mktg. Servs*., *LLC*, 222 S.W.3d 277, 280 (Mo. App. 2007).

## STANDARD OF REVIEW

Whether or not arbitration is properly compelled is a question of law that we review *de novo*.  *Ellis v. JF Enters.*, *LLC*, 482 S.W.3d 417, 419 (Mo. banc 2016). "When faced with a motion to compel arbitration, the motion court must determine whether a valid arbitration agreement exists and, if so, whether the specific dispute falls within the scope of the arbitration agreement."  *Nitro Distrib., Inc. v. Dunn*, 194 S.W.3d 339, 345 (Mo. banc 2006).  If the arbitration agreement is valid and the dispute is within the scope of the agreement, the circuit court then determines "whether the arbitration agreement is subject to revocation under applicable contract principles."  *Frye v. Speedway Chevrolet Cadillac*, 321 S.W.3d 429, 435 (Mo. App. 2010).

## ANALYSIS

Because it is dispositive, we need only address Orkin and Biron's last point. In Point VII, Orkin and Biron argue that the court erred in denying their motion to compel arbitration because they did not waive their right to arbitrate.

A party may waive its right to arbitration.  *Reis v. Peabody Coal Co.*, 935 S.W.2d 625, 630 (Mo. App. 1996).  "Whether a party has waived its right to arbitrate is determined on a case-by-case basis."  *Id*.  "'A party waives its right to arbitrate if it:  (1) had knowledge of the existing right to arbitrate; (2) acted

6

inconsistently with that right, and (3) prejudiced the party opposing arbitration.'"
*Frye*, 321 S.W.3d at 445 (citations omitted).

In this case, Gentry filed the petition asserting his retaliation claim on July 14, 2014. Orkin and Biron did not assert their claim of a right to compel arbitration in their answers. In fact, Orkin and Biron did not file their motion to compel arbitration until September 18, 2015, which was 393 days after they filed their answers and three days after the case was originally set for trial.

Orkin and Biron knew of their claim of an existing right to arbitrate long before they filed their motion to compel arbitration because Orkin drafted the arbitration agreement. *Major Cadillac, Inc. v. Gen. Motors Corp.*, 280 S.W.3d 717, 722 (Mo. App. 2009). Indeed, Orkin and Biron's counsel conceded during oral argument on appeal that he did "consider" moving to compel arbitration at the "onset" of the case. Nevertheless, Orkin and Biron argue that their purported right to arbitrate did not arise until after the court denied their motion in limine to exclude evidence related to the 2012 charge and that any motion to compel arbitration prior to that time would have been unripe. We find this argument unpersuasive, particularly in light of Orkin and Biron's contention that the retaliation claim was independently arbitrable regardless of the arbitrability of the 2012 charge.

Moreover, the existence of the 2012 charge was always an issue in the case, because one of the elements that Gentry had to establish to make a prima facie case of retaliation was that he had complained of discrimination. *McCrainey*

7

*v. Kansas City Mo. Sch. Dist.*, 337 S.W.3d 746, 753 (Mo. App. 2011).[1]  In his

petition, Gentry specifically alleged that he filed the 2012 charge of discrimination

reporting that he was discharged because of his age and disability.  He further

alleged that Orkin and Biron's failure to rehire him was retaliation for his engaging

in a protected activity, *i.e.*, his complaining of discrimination.  If, as Orkin and Biron

contend, their purported right to compel arbitration rested on the mere introduction

of evidence of the 2012 charge, then they had knowledge of that purported right

when Gentry filed his petition.  Gentry established that Orkin and Biron had

knowledge of their claim of an existing right to arbitrate.

Gentry also established that Orkin and Biron acted inconsistently with their

purported right to arbitrate.  After Gentry filed his petition, Orkin and Biron filed

answers.  They asserted several affirmative defenses in their answers, none of

which alleged an obligation to arbitrate.  They then proceeded to litigate the case

for over one year before moving to compel arbitration.  During that time, they

propounded and responded to discovery and filed motions and briefs without ever

mentioning their purported right to arbitrate.  Orkin and Biron's actions were

consistent with resolving Gentry's retaliation claim through litigation rather than

arbitration.

Lastly, Gentry had to establish that he was prejudiced by Orkin and Biron's

delay asserting their purported right to compel arbitration.  Prejudice "may result

---

[1] The elements that Gentry had to prove to establish his retaliation claim were that:  (1) he complained of discrimination; (2) Orkin and Biron took adverse action against him; and (3) a causal relationship existed between the complaint and the adverse action.  *McCrainey*, 337 S.W.3d at 753.

8

from lost evidence, duplication of efforts, use of discovery methods unavailable in arbitration, litigation of substantial issues, and postponing invoking arbitration, thereby causing the opposing party to incur unnecessary delay or expense." *Lovelace Farms, Inc. v. Marshall*, 442 S.W.3d 202, 207 (Mo. App. 2014). Delay by itself does not establish prejudice, but "'delay and the moving party's trial-oriented activity are material factors in assessing prejudice.'" *Id*. (citation omitted). Prejudice may be found "when a party's time and funds are expended because that party has not received the benefit of arbitration: 'efficient and low-cost resolution of disputes.'" *Major Cadillac*, 280 S.W.3d at 723 (citation omitted). "Prejudice can also result when a party loses a motion on the merits and then attempts to invoke arbitration." *Reis*, 935 S.W.2d at 631.

In this case, Gentry's counsel spent more than a year preparing a case for a jury trial that Orkin and Biron contended -- three days after the case was originally set for trial -- was not warranted. Gentry lost the benefit of his September 15, 2015 trial setting, and he continues to have no judgment on his claim due to Orkin and Biron's right to appeal the denial of their motion to compel arbitration.

That Orkin and Biron waited so long to move to compel arbitration strongly suggests that their move was purely a tactical one, as it came directly on the heels of the court's denying their motion in limine to exclude evidence of the 2012 charge. Nothing about Gentry's legal claim had changed between Orkin and Biron's filing their answers and their filing their motion to compel arbitration. What did change during those 393 days, however, was that Orkin and Biron acquired

9

knowledge of the intangible work product of Gentry's counsel through Gentry's pre-trial briefs and responses, and Gentry incurred the extra expense, time, and effort of responding to motions, filing trial briefs, and preparing for trial. Although Orkin and Biron's counsel argued during oral argument on appeal that there is "no reason that the whole trial court procedure could not seamlessly now fall into the hands of the arbitrator for a hearing," he acknowledged that the arbitrator would not be bound by the circuit court's ruling denying their motion in limine to exclude evidence of the 2012 charge. Thus, this substantial issue could, and most likely would, be reargued in the arbitration proceeding. Orkin and Biron misused the judicial process to Gentry's detriment. *Id*. Gentry established that he was prejudiced by Orkin and Biron's delay in seeking to compel arbitration.

Because Orkin and Biron waived their claim of a right to arbitrate, the circuit court did not err in denying their motion to compel arbitration. Point VII is denied. As this point is dispositive, we need not address Orkin and Biron's remaining points on appeal.

## CONCLUSION

The order denying the motion to compel is affirmed, and the cause is remanded for trial.

_____

LISA WHITE HARDWICK, JUDGE

ALL CONCUR.

10