

# Missouri Court of Appeals
## Southern District

### In Division

MARLA HOUSLEY and            )
HEATH HOUSLEY,               )
                             )
    Plaintiffs-Respondents,   )
                             )
v.                           )    No. SD38561
                             )
AUTOHAUS, L.L.C., and        )    Filed: **March 17, 2025**
AUTO SERVICES COMPANY, INC., )
                             )
    Respondents-Appellants.   )

APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Joshua B. Christensen, Judge

**<u>AFFIRMED</u>**

Autohaus, L.L.C. and Auto Services Company, Inc. (collectively "Appellants") appeal the trial court's denial of their Motion to Compel Arbitration, alleging they did not "substantially participate" in the litigation or otherwise act inconsistently with their right to arbitrate. Because Appellants waived their right to compel arbitration by substantially participating in the underlying litigation, we affirm.

### Factual Background and Procedural History

In September 2021, Appellant Autohaus, L.L.C. entered into a contract to sell a truck to Respondent Marla Housley. That same day, Respondent Marla Housley also

purchased a vehicle protection plan from Appellant Auto Services Company, Inc. to cover the truck. The vehicle protection plan contained an arbitration clause ("the Agreement") stating as follows:

> Any and all disputes that arise out of or relate to this agreement, or the performance or breach thereof, shall be subject first to mediation in good faith by the parties. Thereafter, any remaining unresolved controversy or claim arising out of or relating to this agreement, or the performance or breach thereof, shall be settled by arbitration under the provisions of the Federal Arbitration Act, and judgment on the award rendered by the arbitrator may be entered in any court having jurisdiction thereof. The parties shall equally split the cost of any mediation and/or arbitration session(s). Each party will pay the fees of its own attorneys, expenses and witnesses with regard to the presentation of each party's case. The arbitrator or mediator shall have no authority to award punitive damages against any party. The mediation and/or arbitration shall take place within sixty (60) days after demand for mediation/arbitration by another party to this agreement. This provision applies only to the agreement holder. It does not apply to any other individuals, entities, or any classes thereof.

In January 2022, the truck experienced mechanical problems and Marla and her husband, Heath Housley, (collectively "Respondents") made a claim for repairs with Appellant Auto Services Company, Inc. under the Agreement. Appellants denied Respondents' claim.

Before filing suit, Respondents attempted to resolve their claim with Appellants through mediation with the Missouri Attorney General's Office. The Missouri Attorney General's Office advised that, because they were "unable to resolve [the] complaint through mediation," Respondents should consult with an attorney or "consider an action through small claims court."

Respondents and Appellants corresponded in an attempt to settle before Respondents ultimately filed suit. On June 16, 2023, Appellant Auto Services Company, Inc. was served with process. On June 22, 2023, Appellant Autohaus, L.L.C. was served with process. On July 17, 2023, Appellants filed a First Motion to Dismiss. The Motion

made no assertion with respect to arbitration. On October 10, 2023, Respondents served Interrogatories and Requests for Production. On December 5, 2023, the trial court held a scheduling conference where Appellants agreed to a timeline for discovery, as well as agreed to set the case for a three-day jury trial in February 2025. On December 21, 2023, a hearing was held on Appellants' First Motion to Dismiss and Motion to Strike, and the trial court granted Appellants' some, but not all, of the relief they requested.

On January 16, 2024, Respondents filed a First Amended Petition. On February 15, 2024, Appellants filed a Second Motion to Strike and a Motion to Dismiss one count of the First Amended Petition. On the same date, Appellants also filed objections to Respondents' discovery, as well as an Answer to the other counts of Respondents' First Amended Petition. In their Answer, Appellants submitted numerous affirmative defenses but did not mention a desire to have the case arbitrated.

On February 16, 2024, Respondents filed a Motion to Compel, seeking responses to their discovery, which was granted in part at a hearing that Appellants participated in on February 29, 2024. On March 27, 2024, Appellants filed an Amended Answer, asserting seven affirmative defenses. The only mention of the Agreement in the Amended Answer was in passing, alleging Respondents waived any claim in failing to adhere to the terms of the warranty by signing and therefore acknowledging that they "have read, understood and received a copy of this [Agreement], and . . . accept all terms and conditions, including the plan, term, price, and Arbitration clause herein." The Amended Answer did not assert that the case should be arbitrated. In March 2024, Appellants submitted numerous responses to the Interrogatories and Requests for Production issued by Respondents.[1]

---

[1] At oral argument, Appellants' counsel noted that Appellants also participated in at least one deposition during the discovery process.

On April 18, 2024, almost a year after Respondents commenced litigation, Appellants made their first demand for arbitration. On May 8, 2024, Appellants filed a Motion to Compel Arbitration.

On June 5, 2024, the trial court denied Appellants' Motion to Compel Arbitration, finding that Appellants had "significantly participated" in litigation by:

> filing multiple motions to dismiss and strike, attending hearings on those motions, filing an answer and amended answer, responding to discovery, attending a scheduling conference, providing availability for the now-scheduled jury trial setting (February 3, 2025), and conferring on the parties' joint proposed scheduling order to set dates in advance of that trial.

This appeal followed.

## Standard of Review

Respondents do not dispute the existence of a valid arbitration agreement and instead limit their argument to the claim that Appellants waived their right to compel arbitration. When, as here, there is no dispute as to the existence of an arbitration agreement, this Court reviews *de novo* whether a motion to compel arbitration should be sustained. *Standifer v. Suntrap Hyundai, Inc.*, 695 S.W.3d 302, 304 (Mo. App. E.D. 2024). "This Court also engages in *de novo* review to determine 'whether the right to insist on arbitration, if present, has been waived.'" *Id.* (citing *GFS, II, LLC v. Carson*, 684 S.W.3d 170, 176 (Mo. App. W.D. 2023), and *Frye v. Speedway Chevrolet Cadillac*, 321 S.W.3d 429, 435 (Mo. App. W.D. 2010)).

## Analysis

Missouri Courts have consistently held that parties may waive the right to arbitration. *See Lopez v. GMT Auto Sales, Inc.*, 656 S.W.3d 315, 327 (Mo. App. E.D. 2022); *Bertocci v. Thoroughbred Ford, Inc.*, 530 S.W.3d 543, 557 (Mo. App. W.D. 2017);

4

***Gentry v. Orkin, LLC***, 490 S.W.3d 784, 766 (Mo. App. W.D. 2016). "Waiver results from a party's substantial participation in litigation to a point inconsistent with an intent to arbitrate[.]" ***Lopez***, 656 S.W.3d at 327 (quoting ***Bull v. Torbett***, 529 S.W.3d 832, 840 (Mo. App. W.D. 2017)). Waiver is a judicially created doctrine designed to protect the court's integrity and resources and to promote fairness to both parties whose disputes were subject to the benefits of efficient and low-cost resolution of disputes from the outset of the litigation. ***Id.***

Missouri courts apply a two-part test to determine whether a party waived its right to arbitrate.[2] The issues we must resolve are (1) whether the party knew of the right to arbitrate and (2) whether the party acted inconsistently with that right. ***GFS***, 684 S.W.3d at 181.

The record in this case supports a finding that Appellants waived their right to arbitrate and supports the trial court's denial of their Motion to Compel Arbitration. First, Appellants knew of their existing right to arbitrate because they drafted the Agreement. ***Gentry***, 490 S.W.3d at 789; *see also* ***Lopez***, 656 S.W.3d at 328-29. Second, Appellants acted inconsistently with their right to arbitrate by substantially participating in the underlying litigation.

After being served with process on June 16 and 22, 2023, Appellants filed a combined Motion to Dismiss and Motion to Strike. The Motion did not raise the issue of arbitration. On October 10, 2023, Respondents served Interrogatories and Requests for

---

[2] *See* ***Lopez***, 656 S.W.3d at 327. The Supreme Court of the United States addressed waiver of the right to arbitrate in ***Morgan v. Sundance, Inc.***, 596 U.S. 411 (2022). There, it held that prejudice is not a condition of finding that a party, by substantially participating in litigation, waived its right to compel arbitration. ***Id.*** at 419. Missouri Courts follow the Court's ruling in ***Morgan*** and have dropped the requirement of a finding of prejudice to determine whether a party waived its right to compel arbitration by substantially participating in litigation. *See* ***Lopez***, 656 S.W.3d at 327.

Production.   On December 5, 2023, the Court held a scheduling conference where Appellants discussed a discovery schedule and agreed to set the case for a three-day jury trial commencing in February 2025.   On December 21, 2023, a hearing was held on Appellants' Motion to Dismiss and Motion to Strike.   Appellants were successful on some of their claims at that hearing, which resulted in Respondents filing a First Amended Petition on January 16, 2024.

On February 15, 2024, Appellants filed a Second Motion to Strike and a Motion to Dismiss one count of Respondents' First Amended Petition, as well as objections to Respondents' discovery.   On that same date, Appellants also answered the remaining counts in Respondents' First Amended Petition, asserting six affirmative defenses, none of which alleged the right to arbitrate.   On February 16, 2024, Respondents filed a Motion to Compel Discovery.   On February 29, 2024, a hearing was held on the Motion to Compel, which the court granted in part.   In March 2024, Appellants responded to Respondents' Interrogatories and Requests for Production.   On March 27, 2024, Appellants filed an Amended Answer to the First Amended Petition, again without demanding that the case be arbitrated.   It was not until May 8, 2024 – almost a year after litigation began and after the matter had been set for a jury trial – that Respondents filed their Motion to Compel Arbitration.

Appellants' significant participation in the underlying case is inconsistent with any right of arbitration they now seek to compel under the Agreement.   *See* **Gentry**, 490 S.W.3d at 789 (holding that the appellants waived their right to arbitrate by acting inconsistently with their purported right to arbitrate where they asserted several affirmative defenses in their answers, none of which raised the right to arbitrate; propounded and responded to

6

discovery and filed motions without mentioning the right to arbitrate; and proceeded to litigate the case for over one year before moving to compel arbitration); *see also* **Lopez**, 656 S.W.3d at 329 (finding a party acted inconsistently with its right to arbitrate by participating in discovery, filing its own motions for summary judgment, and waiting over one year to move to compel arbitration). Appellants' case is "distinguishable from cases rejecting claims of waiver when there was only a short delay between the initial filings and request for arbitration, a lack of discovery litigation, and a lack of dispositive motions." *Id.* (citing **Springleaf Fin. Servs., Inc. v. Shull**, 500 S.W.3d 276, 281 (Mo. App. S.D. 2016)).[3]

Appellants' argument that their right to arbitrate did not attach until the dispute was mediated is also unavailing. Appellants asserted in their Motion to Compel Arbitration that they did not request a formal "mediation" until March 28, 2024, which was after they had spent almost a year actively litigating the case in the trial court as previously discussed. Accepting Appellants' argument at face value, Appellants knew, as drafters of the Agreement, that to enforce their right to arbitrate they had to request the matter be mediated first. They made no such request for almost a year, and instead filed motions and pleadings, responded to discovery requests, and agreed to a discovery schedule and a jury trial setting without once requesting to either mediate or arbitrate the pending claims. A party who fails to follow the procedural steps in an arbitration agreement, and proceeds in a judicial

---

[3] Appellants argue that they did not substantially participate in the litigation process when they filed pre-answer motions to dismiss for failure to state a claim because these motions are not considered requests for judgments on the merits in Missouri. They claim that, because "[a]rbitraiton is *not* among the handful of expressly enumerated defenses that are waived if not raised at the first opportunity," their filing of such pre-answer motions does not amount to substantial participation in litigation such as to constitute waiver of arbitration. Appellants' argument ignores, that not only did they file pre-answer motions to dismiss, Appellants also: (1) filed multiple amended answers asserting affirmative defenses without asserting a desire to arbitrate; (2) they participated in a scheduling conference in which they discussed discovery dates and agreed to set the case for a jury trial; and (3) actively participated in discovery with Respondents.

forum for the resolution of an otherwise-arbitrable dispute, acts inconsistently with the right to arbitrate. ***Boulds v. Dick Dean Economy Cars, Inc.***, 300 S.W.3d 614, 619-20 (Mo. App. E.D. 2010) (citing references omitted). Because Appellants' conduct was inconsistent with their right to arbitrate, Appellants have waived such right.

Because our holding that Appellants waived their right to arbitrate is dispositive, we need not address any of the other arguments raised in the briefing.

## Conclusion

The judgment of the trial court is affirmed.

MATTHEW P. HAMNER, J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCURS

BECKY J. WEST, J. – CONCURS